Argued May 19, affirmed June 20, reconsideration denied July 26,
petition for review denied October 17, 1978

HIGGINS, *Appellant,*

*v.*

REDDING, *Respondent.*

(No. A7708-12265, CA 9880)

HIGGINS, *Appellant,*

*v.*

COUNTY OF MULTNOMAH et al, *Respondents.*

(No. A7701-00713, CA 9100)

(Cases consolidated)

580 P2d 580

W. A. Franklin, Portland, argued the cause for appellant. With him on the brief was Harlan Bernstein, Portland.

Edward H. Warren, Portland, argued the cause for respondents. With him on the brief were Michael A. Lehner, Portland, and John D. Hoffman, III, deputy county counsel for respondent Multnomah County, Portland.

Before Schwab, Chief Judge, and Johnson and Gillette, Judges.

GILLETTE, J.

## GILLETTE, J.

These are consolidated appeals from two judgments for defendants in false arrest cases. In case No. A7708-12265, the defendant was a Multnomah County District Court Judge. The trial court sustained defendant's demurrer and entered judgment after plaintiff declined to plead further. In case No. A7701-00713, defendants were the State of Oregon and Multnomah County, both of whom were granted summary judgments.[1]

The facts, taken from the pleadings and the affidavits of the parties, are as follows:

On October 26, 1975, plaintiff was issued a traffic citation for failing to leave his name and address at the scene of an accident. He failed to appear at the date initially set on his traffic citation, but appeared on a later date and entered a plea of guilty to the citation. The defendant district court judge placed defendant on one-year probation and, as a condition of probation, required that plaintiff serve six days in jail. After being twice amended, the judge's order required the six days to be served on December 29 and 30, 1975, January 5 and 6, 1976, and January 12 and 13, 1976.

On January 5, 1976, plaintiff, wishing to ask the judge to require two days of his sentence to be served on some other days than January 5 and 6, went to the judge's chambers to speak to him. The judge was on the bench, so the plaintiff spoke instead to the judge's secretary, Ms. Sharon Wright.

---

[1] Obviously, the two cases cannot present the same issue. Technically, the only issue involved in case A7708-12265 is the sufficiency of the complaint. By contrast, it is not the sufficiency of the complaint but the sufficiency of undisputed facts established by affidavit that is reviewed in case A7701-00713. Yet appellant, in moving for consolidation on appeal, stated that "* * * both cases involve * * * identical issues, and they should be consolidated to save judicial time * * *." From this representation and oral argument, we understand that the parties wish to have the facts adduced in case A7701-00713 (summary judgment) treated as the operative facts for the purpose of deciding case A7708-12265 (demurrer) as well. Accordingly, the discussion of facts and law which follows applies equally to both cases.

Ms. Wright advised the plaintiff that, inasmuch as he had requested two previous setovers of the dates on which he was to serve his sentence, it would be necessary for him to speak to the judge personally about the matter. When it became clear that it was not going to be possible for him to see the judge immediately, the plaintiff left and went to Multnomay County Correctional Institute (MCCI), where he served the two days. He arrived at MCCI two hours late.

Ms. Wright did not understand that the defendant was going to report to jail after all.[2]

Upon leaving the bench, the district court judge was informed by his secretary that the plaintiff had been there a short time previously. Because the plaintiff should have been serving his sentence at the very time he was in the judge's chambers, the judge issued a warrant for his arrest.

In issuing the warrant for plaintiff's arrest for violation of the conditions of his probation, the district court judge did not place the secretary under oath.

Plaintiff was arrested pursuant to the warrant on Saturday, February 14, 1976. He appeared before the district court judge on February 17, 1976, at which time it became clear that he had, in fact, served the period of time imposed upon him as a condition of probation. The district court judge terminated his probation and directed that he be released. Plaintiff was released after being returned to Rocky Butte Jail to check out.

■ On these facts, the court correctly granted summary judgment as to defendant Multnomah County. All of the evidence establishes that the defendant Multnomah County accepted custody of the plaintiff pursuant to an arrest warrant valid on its face, and released the plaintiff as soon as directed to do so by the

_____

[2]The affidavits of Ms. Wright and the plaintiff conflict with respect to whether or not he told her that he was going to go to MCCI. The parties do not treat the question as material.

defendant district court judge. There was therefore no liability on the part of Multnomah County.

■ As to the remaining defendants, defendant State of Oregon cannot be liable if the defendant district court judge is immune from liability. ORS 30.265(2). The defendant district court judge can be liable only if his act in issuing the bench warrant for the arrest of the defendant for violation of the conditions of his probation was made outside his jurisdiction. The question thus becomes: Did the trial judge act outside his jurisdiction in issuing the warrant for the arrest of plaintiff?

Plaintiff relies on *Utley v. City of Independence,* 240 Or 384, 402 P2d 91 (1965), where it was held that a judge issuing an arrest warrant without having received a sworn complaint, acts as a private citizen and not as a judicial officer.

The Supreme Court said,

"We hold that, except for those cases covered by [the statute authorizing a trial judge to order the arrest of a person comitting a crime within the judge's presence], when a judicial officer issues a warrant without a sworn complaint having been made, there is no judicial business properly before him, and he acts as a private citizen. The unauthorized action is not, therefore, merely the erroneous exercise of colorable judicial power, but it is the usurpation of judicial power, and is not protected by immunity." *Id.,* at 390.

The language is broad enough to cover the present case. We think the *Utley* case is distinguishable, however, in that it involved the issuance of an original warrant of arrest rather than the continuing supervision of a probationer by a court.

Plaintiff was on probation. A court's powers with respect to a probationer are considerably broader than a court's powers with respect to the public at large. ORS 137.550(2) provides, in pertinent part:

"At any time during the probation period, the court may issue a warrant and cause a defendant to be

[ 1033 ]

arrested for violating any of the conditions of the probation. Any probation officer, police officer or other officer with power of arrest may arrest a probationer without a warrant, and a statement by the probation officer setting forth the probationer has, in his judgment, violated the conditions of his probation is sufficient warrant for the detention of the probationer in the county jail, house of detention or local prison * * *."

■■ The statute contains no requirement, however, that a *sworn complaint* or affidavit be made as a precondition to the issuance of the warrnat.[3] Whether or not we should infer such a requirement for other purposes (as, for example, where an arrestee challenges the seizure of contraband found on his person pursuant to such an arrest) must await another day.[4] We think it at least sufficient to say, for the purposes of this case, that the statute granted apparent authority to the district court judge to take the action he took, and the judge was therefore immune. Since the judge was immune from liability, the State of Oregon was immune as well. ORS 30.265(1).

The judgment for each of the three defendants is affirmed.

---

[3] By contrast, a judge issuing a warrant of arrest for a crime must proceed on the basis of a sworn complaint. ORS 133.015; 133.110.

[4] We note, for instance, that Art I, § 9 of the Oregon Constitution provides:

"No law shall violate the right of the people to be secure in their persons, houses, papers, and effects, against unreasonable search, or seizure; and no warrant shall issue but upon probable cause, supported by oath, or affirmation, and particularly describing the place to be searched, and the person or thing to be seized."

Similarly, the Fourth Amendment to the United States Constitution provides:

"The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized."