Argued and submitted February 13, reversed and remanded for a new trial
April 12, 1989

## STATE OF OREGON,
*Respondent,*

*v.*

## JOE SESERA BROWN,
*Appellant.*

(84-1282-C, 87CR0714;
CA A48532 (Control), A48533)
(Cases consolidated)

772 P2d 429

Claudette L. Yost, Medford, argued the cause and filed the brief for appellant.

Diane S. Lefkow, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Graber, Presiding Judge, and Riggs and Edmonds, Judges.

EDMONDS, J.

**EDMONDS, J.**

Defendant appeals from convictions for manufacture and possession of controlled substances. ORS 475.992. He assigns as error the denial of his motion to suppress. We reverse.

Defendant was charged with driving under the influence of intoxicants. He entered into a diversion agreement pursuant to ORS 813.230. As a condition of diversion, he was to complete a counseling program. He was terminated from the program because he failed to attend. The agency administering the counseling program notified the district court of defendant's non-compliance. The district attorney's office submitted a motion requesting that defendant be required to show cause why his diversion should not be terminated. The motion was not supported by an affidavit averring non-compliance. An order was issued citing defendant to appear to show cause. The sheriff returned the citation to the court with the notation "UTL," meaning that he was unable to serve defendant. The trial court then issued a bench warrant for defendant's arrest. When the warrant was executed, defendant was searched and evidence was discovered which led to his convictions.

Defendant argues that his arrest was illegal because the warrant leading to his arrest was issued without a sworn statement to constitute probable cause, and that the evidence upon which his convictions were based should be suppressed as the product of the arrest. He relies on Article I, section 9, of the Oregon Constitution and the Fourth Amendment of the United States Constitution. In response, the state argues that a bench warrant, by definition,[1] is not required to be supported

---

[1] ORS 131.005(2) provides:

"'Bench warrant' means a process of a court in which a criminal action is pending, directing a peace officer to take into custody a defendant in the action who has previously appeared before the court upon the accusatory instrument by which the action was commenced, and to bring the defendant before the court. The function of a bench warrant is to achieve the court appearance of a defendant in a criminal action for some purpose other than the initial arraignment of the defendant in the action."

ORS 131.005(14) provides:

"'Warrant of arrest' means a process of a court, directing a peace officer to arrest a defendant and to bring the defendant before the court for the purpose of arraignment upon an accusatory instrument filed therewith by which a criminal action against the defendant has been commenced."

The arrest warrant process is described in ORS 133.110 to ORS 133.140.

by a sworn statement constituting probable cause because the subject of the warrant is already before the court on a matter for which probable cause has previously been established.

No statute requires that a bench warrant be supported by a sworn statement. The issue then is whether Article I, section 9, or the Fourth Amendment so requires. We consider the issue under the Oregon Constitution first. *State v. Kennedy,* 295 Or 260, 666 P2d 1316 (1983).

Article I, section 9, states:

"No law shall violate the right of the people to be secure in their persons, houses, papers, and effects, against unreasonable search, or seizure; and *no warrant shall issue but upon probable cause, supported by oath, or affirmation,* and particularly describing the place to be searched, and the person or thing to be seized." (Emphasis supplied.)

We hold that, under the circumstances of this case, Article I, section 9, required this bench warrant to be supported by oath or affirmation. Defendant entered into a diversion agreement on September 4, 1986, staying the pending DUII charge. The diversion agreement was due to expire on September 3, 1987. A notice of non-compliance with the diversion agreement, dated August 4, 1987, was sent by the Josephine Counsel on Alcoholism and Drug Abuse to the court. On August 5, the court, apparently on its own motion, issued a show cause order that required defendant to appear on August 21. That citation was not served.[2]

---

[2] ORS 813.255 provides, in relevant part:

"(1) At any time before the court dismisses with prejudice the charge of driving while under the influence of intoxicants, the court on its own motion or on the motion of the district attorney or city attorney may issue an order requiring defendant to appear and show cause why the court should not terminate the diversion agreement. The order to show cause shall state the reasons for the proposed termination and shall set an appearance date.

"(2) The order to show cause shall be served on the defendant and on the defendant's attorney, if any. Service may be made by first class mail, postage paid, addressed to the defendant at the mailing address shown on the diversion petition and agreement or at any other address that the defendant provides in writing to the court.

"(3) The court shall terminate the diversion agreement and continue the offense proceeding if:

"(a) At the hearing on the order to show cause, the court finds by a preponderance of the evidence that any of the reasons for termination described in this section exist; or

"(b) The defendant fails to appear at the hearing on the order to show cause."

The citation bore the address "Brown Town Road, Cave Junction, Oregon." However, the diversion agreement specified a post office box in O'Brien, Oregon.

On August 19, the district attorney filed a motion requesting a show cause order. The motion was not supported by a sworn statement alleging non-compliance. On August 21, the court again ordered that a citation to appear issue, but no such citation is in the record. A blank piece of paper marked "UTL" does appear in the record, stapled to both the August 5 citation and a bench warrant dated September 3, 1987. The record is unclear as to whether the "UTL" notation refers to the August 5 citation or the August 21 order. The bench warrant was executed on or about November 10, 1987.

When the bench warrant was issued, defendant's criminal proceeding had been stayed, and he had not been adjudicated to be in violation of the diversion agreement. ORS 813.230(2). The agreement was in effect until terminated pursuant to ORS 813.255. The only facts that the court had before it upon which it could base a determination of probable cause to return defendant to the court were contained in unsworn statements.

By its express language, Article I, section 9, does not limit its application. It states that "*no* warrant shall issue, but upon probable cause, supported by oath, or affirmation." (Emphasis supplied.) It applies to arrest warrants as well as to search warrants. *State v. Flynn,* 137 Or 8, 299 P 694, 300 P 1024 (1931). Bench warrants and arrest warrants are "meant to accomplish the same thing, *i.e.,* the arrest of a person, but for different purposes." *Commentary to Proposed Oregon Criminal Procedure Code* 2 (1972). The guarantee of Article I, section 9, that no individual's liberty be deprived by a warrant unless supported by oath or affirmation would be frustrated if a court could issue a warrant unsupported by a sworn statement when a DUII charge has been stayed and the defendant has not been adjudicated to be in violation of the diversion agreement.

Having held that Article I, section 9, was violated, we do not reach the Fourth Amendment issue. We also do not decide whether an oath or affirmation is necessary under Article I, section 9, when the facts giving rise to probable cause occur in the presence of the court. *See Higgins v. Redding,* 34 Or App 1029, 1034, 580 P2d 580, *rev den* 284 Or 80a (1978).

Reversed and remanded for a new trial.