Argued and submitted March 4, decision of Court of Appeals and judgment of
circuit court reversed and case remanded to circuit court with instructions
November 25, 1992

## STATE OF OREGON,
*Respondent on Review,*

*v.*

## DARIN JAMES NOBLE,
*Petitioner on Review.*

(CC 10-89-02085; CA A63703; SC S38601)

842 P2d 780

Eric R. Johansen, Deputy Public Defender, Salem, argued the cause for petitioner on review. With him on the petition was Sally L. Avera, Public Defender, Salem.

Jonathan H. Fussner, Assistant Attorney General, Salem, argued the cause for respondent on review.

CARSON, C. J.

## CARSON, C. J.

At issue in this case is whether a judge may issue a bench warrant of arrest based on his or her determination, by reference to court records but without reference to a sworn statement, that a person is in contempt of court. We hold that, before an arrest warrant may issue for contempt that did not occur "in the presence of the court," a judge must determine the existence of probable cause by reference to a sworn statement. Or Const, Art I, § 9. Absent that determination and basis for it, a warrant is invalid. In this case, the trial court erred in finding that a bench warrant issued on the basis of a judge's knowledge of court records was valid and in failing to grant defendant's motion to suppress evidence seized in a search incident to his arrest on the invalid warrant. Accordingly, we reverse the decision of the Court of Appeals affirming that judgment of the trial court.

On February 20, 1989, a police officer in Lane County stopped defendant for riding a bicycle after dark without a light.[1] At the officer's request, defendant presented his Oregon identification. The officer used that identification to run a routine records check by radio and was informed that there were outstanding warrants for defendant's arrest.[2] The officer placed defendant under arrest, then seized defendant's wallet, and examined its contents. In the wallet, between two business cards, the officer discovered a heat-sealed clear plastic bag containing blotter paper that defendant later stipulated was saturated with LSD, a controlled substance. Defendant was indicted for possession of LSD, a violation of ORS 475.992(4). His motion to suppress the blotter paper was denied. He appealed his resulting conviction, arguing that the arrest was invalid and, alternatively, that the search was not justifiable as a search incident to arrest.

The parties provided the following undisputed additional facts. On August 14, 1987, defendant was convicted of

---

[1] It is unlawful to operate a vehicle without lights on an Oregon highway when visibility is limited. ORS 811.520. A bicycle operating on a highway is a vehicle. ORS 801.590. Although, as noted, he was stopped for that reason, defendant was not cited for operating his bicycle without a light.

[2] The police computer indicated that there were two warrants; actually, there was only one.

harassment and attempted escape. He was sentenced to probation for three years and ordered to pay fines, assessments, and costs totalling $318. A number of months passed during which defendant did not make payments. On September 7, 1988, a Lane County District Court judge ordered defendant to pay the fee at a rate of $100 per month beginning in September 1988.

Defendant paid $100 in September, $100 in October, and $40 in November of that year. Defendant made no payment in December. On December 12, 1988, a deputy clerk of the court issued a notice to show cause informing defendant that he had until December 27 to pay the remaining $78 or to appear in court to explain why he had not paid.[3] The notice to show cause included the following warning:

> "IF YOU FAIL TO PAY OR APPEAR as ordered a WARRANT WILL BE ISSUED FOR YOUR ARREST."

Defendant did not respond.

In an order dated February 8, 1989, a judge of the Lane County District Court (hereinafter "the magistrate") issued an order to show cause why the August 1987 order suspending the imposition of defendant's sentence for harassment and escape should not be set aside by reason of defendant's failure to pay, as ordered, fines, costs, and assessments in the amount of $78. "Setting aside the order" would have resulted in revocation of defendant's probation. On February 10, 1989, the magistrate issued a warrant for defendant's arrest. It appears that the warrant was not based on a sworn statement of any person.

The Court of Appeals held that the bench warrant was lawful.[4] *State v. Noble*, 109 Or App 46, 49, 818 P2d 938 (1991). We allowed review.

---

[3] ORS 161.685(1) permits a judge to issue a show cause citation or a warrant of arrest for the appearance of a defendant who has defaulted on the court's order for the payment of fines or assessments as a condition of probation or suspension of sentence. ORS 161.685(2) permits a court to impose sanctions if it finds that failure to pay constitutes contempt.

[4] The court went on to conclude that the search of defendant's wallet was reasonable as part of a search incident to arrest, because of the officer's stated concern for his safety. *State v. Noble*, 109 Or App 46, 818 P2d 938 (1991).

■ Although defendant challenges the warrant procedure under both Article I, section 9, of the Oregon Constitution and the Fourth Amendment to the Constitution of the United States, we address state law first. *State v. Kennedy*, 295 Or 260, 666 P2d 1316 (1983).

Article I, section 9, provides:

"No law shall violate the right of the people to be secure in their persons, houses, papers, and effects, against unreasonable search, or seizure; and *no warrant shall issue but upon probable cause, supported by oath, or affirmation*, and particularly describing the place to be searched, and the person or thing to be seized." (Emphasis added.)

Defendant argues that, under Article I, section 9, a bench warrant cannot issue without a sworn statement. He relies on the decision of the Court of Appeals in *State v. Brown*, 96 Or App 171, 772 P2d 429 (1989). *State v. Brown* held that, at least in usual circumstances, Article I, section 9, requires that a bench warrant be supported by a sworn statement, just as any other warrant would have to be supported. 96 Or App at 174. The "no warrant" language is unambiguous. We agree with that holding of the Court of Appeals.

As *State v. Brown, supra*, 96 Or App at 175, intimated, an exception to the warrant requirement exists when the facts giving rise to probable cause occur "in the presence of the court." *Utley v. City of Independence*, 240 Or 384, 402 P2d 91 (1965). ORS 133.340, which dates back to 1862, General Laws of Oregon, ch 7, § 642, p 312 (Civ Code) (Deady 1845-1864), provides:

"When a crime is committed in the presence of a magistrate, the magistrate may, by a verbal or written order, command any person to arrest the offender and may thereupon proceed as if the offender had been brought before the magistrate upon a warrant of arrest."

Similar common law[5] and statutory[6] provisions predated the adoption of the Oregon Constitution. The common law, not

---

[5] The power of contempt dates back to early England when courts were adjuncts of the king or queen and disobedience of or disrespect for a judge flouted the sovereign whom the judge represented. Ronald L. Goldfarb, The Contempt Power 12 (1963). Contempt was extant in England as early as the tenth century, *id.* at 14, and was adopted without change in America as part of generally accepted English common law, *id.* at 19-20. The Supreme Court of the United States described the summary procedures common to direct contempt in 1888:

having been abrogated, continues in force. *State v. Hansen*, 304 Or 169, 172, 743 P2d 157 (1987); Or Const, Art XVIII, § 7.

■ The phrase "in the presence of the court" means, literally, events that occur in the *physical presence* of a judicial officer acting in the judicial officer's official capacity. For example, while the court is in session, when a party fails to appear without excuse at the time and place of a scheduled hearing, or causes a disturbance in the courtroom and then flees, the facts giving rise to probable cause occur "in the presence of the court." This was not such a case. The probable cause determination in this case was based on a judicial officer's review of court records.

Although neither the Court of Appeals nor either party referred to it, this court specifically has addressed the issue whether the oath or affirmation requirement is met by a judge's review of court records. In *Utley v. City of Independence, supra*, a false-arrest case, this court decided that a municipal judge had no authority to issue an arrest warrant based upon the judge's personal review of court records. There, a municipal judge, who also served as city recorder, had access to records indicating that a city taxpayer was delinquent in paying sewer assessments. A city ordinance provided that persons delinquent in making those payments would be subject to prosecution, which could result in a fine or imprisonment. The municipal judge had personal knowledge, but no sworn statement, of the fact of the taxpayer's delinquency when he issued a demand letter and, a month later, an arrest warrant. This court noted that a judge has the power to order an arrest for an offense committed "in the presence of"

---

"[I]t is settled doctrine in the jurisprudence both of England and of this country, never supposed to be in conflict with the liberty of the citizen, that for direct contempts committed in the face of the court * * * the offender may, in its discretion, be instantly apprehended and immediately imprisoned, without trial or issue, and without further proof * * * such power, although arbitrary in nature and liable to abuse, is absolutely essential." *Ex Parte Terry*, 128 US 189, 313, 9 S Ct 77, 32 L Ed 405 (1888), *quoted in* Goldfarb, *supra*, at 262.

[6] Before the Oregon Constitution was adopted in 1857, Oregon statutes provided for a justice of the peace to punish for disorderly, contemptuous, and insolent conduct that interrupted court proceedings or impaired respect due the justice. Statutes of Oregon 1855, ch XV, § 168, p 319. Justices of the peace were empowered to issue warrants of arrest of persons charged with contempt "before the said justice, while engaged as a justice of the peace in judicial proceedings." *Id.* at §§ 170-73, pp 319-20.

the judge but that that power was limited and did not include the power to issue a warrant based only on court records:

"The power of a magistrate to order the assistance of officers to maintain order, either in his own court, or outside court, in the event of a riot or disturbance, includes the power to order an arrest for an offense committed in the presence of the magistrate. The power to order an arrest for an offense committed in the presence of the magistrate, however, is a power necessary to the judicial office. This exception to the general rule that no warrant shall issue without an oath or affirmation is grounded in the historic necessity for preventing breaches of the peace. No reason has been suggested why a judge should be authorized to issue warrants without a formal complaint in any other circumstances." 240 Or at 389 (citation omitted).

The defendant in *Utley* argued, as did the state in this case, that the situation in which a judge had personal knowledge of an offense from a review of court records was analogous to the situation in which an offender commits a crime in the judge's presence. The Court of Appeals adopted that position. *State v. Noble, supra,* 109 Or App at 49 ("It would be anomalous to conclude that the framers contemplated that a court, acting under the solemn obligation imposed by its oath of office, would be required to affirm by oath or affirmation the validity of its own records.").

As noted, neither the parties nor the Court of Appeals cited the contrary analysis in *Utley,* but we find that analysis to be compelling. In this case, the state described at trial the process by which the warrant was issued:

"[The issuing magistrate] was informed that the fine had not been paid as ordered as a condition of probation and upon learning that the fine had not been paid as indicated by the District Court records which were available to the Court; that [the magistrate] issued an order of show cause and issued a warrant based upon the orders [*sic*] of show cause on the information that was contained in the [magistrate]'s file and available to her at the time that she ordered, she signed the order of show cause."

Someone on the court staff informed the magistrate of the facts on which the magistrate relied to issue the warrant for defendant's arrest. That person did not make a sworn statement. We have no reason to question the reliability of the

particular records available to this magistrate, but the purpose of the oath or affidavit goes beyond a concern for accuracy. As this court noted in *Utley*,

> "One purpose of an oath, affirmation, or complaint is to guarantee that the officer who issues the warrant is relatively sure that an offense has been committed. However, a sworn complaint, particularly when memorialized in writing, also has other legal consequences. The complaint records the statements and names of the complaining witnesses. It creates a record. It provides a formal and visible basis for governmental action. Upon this record, the complaining witness may later be held for false statements. Furthermore, the knowledge that it is necessary to swear to a complaint, and that there may be later liability for swearing falsely, may serve to inhibit complaints." *Utley v. City of Independence, supra,* 240 Or at 389.

The state argues that it is absurd to require a judge to make a sworn statement after the judge has reviewed court records and before she issues a warrant based on the records. That argument misses the point. Unless a judge personally observes a person's contumacious conduct, such as a refusal to comply with the court's demand for order in the courtroom, a judge relies — as a neutral and detached magistrate must — on *someone else's* oral or written statements for a conclusion that probable cause exists, even if those statements are part of court records. Those statements of others on which the judge relies must be *sworn* statements for the reasons stated in *Utley*.

The magistrate did not have personal knowledge that defendant in this case failed to pay his fines; she relied on unsworn statements in the form of entries in the court's file. The entries were called to her attention by an unnamed and unidentified custodian of court records, who may or may not have verified their current accuracy. A sworn statement by the person who asked the court to issue the warrant based on the entries would not have been redundant. Such a statement would have satisfied the constitutional requirement that "no warrant shall issue but upon probable cause, supported by oath or affirmation." Or Const, Art I, § 9. In the absence of probable cause established by a sworn statement, no warrant should have issued.

In conclusion, we hold that Article I, section 9, of the Oregon Constitution requires that, before a bench warrant for the arrest of a person may issue for any conduct other than conduct occurring in the presence of the court (as we have explained that concept), the issuing magistrate must determine that there exists probable cause supported by a sworn statement. A perusal of court records by the issuing magistrate is not a valid substitute for the statement supported by oath or affidavit. It follows that the warrant issued for defendant's arrest in this case was invalid under the Oregon Constitution, as was the arrest made pursuant to it. Evidence obtained from defendant's person during the search incident to the unlawful arrest should have been suppressed.[7]

The decision of the Court of Appeals and the judgment of the circuit court are reversed. The case is remanded to the circuit court with instructions to suppress the evidence seized incident to defendant's arrest.

---

[7] We need not reach defendant's argument that the search of the contents of his wallet was beyond the scope of a justifiable search incident to arrest.