STATE OF NEBRASKA, APPELLEE, V. GLENN A. RANSON, APPELLANT.
511 N.W.2d 97

Filed January 28, 1994.   No. S-93-314.

Thomas M. Kenney, Douglas County Public Defender, and Kelly S. Breen for appellant.

Don Stenberg, Attorney General, and James A. Elworth for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, FAHRNBRUCH, and LANPHIER, JJ., and GRANT, J., Retired.

LANPHIER, J.

After being charged with possession of a controlled substance, defendant, Glenn A. Ranson, moved to suppress all evidence arising from an allegedly unlawful search. The motion was denied, and after a bench trial on stipulated facts, defendant was found guilty. He appeals the lower court's decision to overrule the motion to suppress, arguing that the search of his person violated the Fourth Amendment to the U.S. Constitution and article I, § 7, of the Nebraska Constitution. We hold that the search was valid as incident to a lawful arrest. Accordingly, we affirm the judgment of the district court.

## BACKGROUND

On the evening of Friday, September 25, 1992, Omaha police

officer Curtis Atkinson observed defendant walking westbound on R Street near 30th Street in Omaha. Atkinson was in a marked police cruiser being driven by Officer Jeff Saalfeld. As they drove toward defendant, Atkinson saw that defendant was holding a beer can. After Atkinson saw defendant place the beer can on the sidewalk, Atkinson stepped out of the cruiser and asked defendant for identification. Defendant responded that he did not have identification, and he turned and walked away. Defendant continued to walk away when Atkinson asked him to stop.

Atkinson noticed that defendant discarded several paper items from his shirt pocket as he walked away. Atkinson testified to what happened next:

> I got ahold of him and turned him around physically to face me near the building — that — I believe it's a bakery, turned him around to face me. And then I made him, you know keep his hands down at his sides while I went into the shirt pocket myself.

Atkinson did not believe the pocket contained a weapon. Atkinson had not seen any contraband or paraphernalia either. The search produced a rock of crack cocaine. After the illegal substance was found, defendant ran from the officer, but was quickly apprehended.

Prior to trial, defendant moved to suppress the illegal substance. The trial court overruled the motion, holding that the search was conducted after defendant had been lawfully stopped upon a reasonable and articulated suspicion of criminal activity and that the search was necessary for the officer's safety. At trial, defendant's objections to the introduction of the substance were overruled.

## ASSIGNMENT OF ERROR

Defendant asserts that the trial court erred in overruling his motion to suppress and otherwise permitting the introduction at trial of evidence which was the fruit of the search of his person.

## STANDARD OF REVIEW

A trial court's ruling on a motion to suppress is to be upheld on appeal unless its findings of fact are clearly erroneous. *State*

*v. DeGroat*, 244 Neb. 764, 508 N.W.2d 861 (1993). In determining whether a trial court's findings on a motion to suppress are clearly erroneous, an appellate court does not reweigh the evidence or resolve conflicts in the evidence, but, rather, recognizes the trial court as the finder of fact and takes into consideration that it observed the witnesses. *Id.*

## DISCUSSION

Defendant's sole argument is that Atkinson, in searching defendant's shirt pocket, violated the 4th and 14th Amendments to the U.S. Constitution and article I, § 7, of the Nebraska Constitution and that, therefore, the rock of crack cocaine found in defendant's pocket should have been excluded from evidence.

The Fourth Amendment to the U.S. Constitution and article I, § 7, of the Nebraska Constitution prohibit only unreasonable searches and seizures. *State v. Pope*, 239 Neb. 1009, 480 N.W.2d 169 (1992). The 4th and 14th Amendments and the Nebraska Constitution do not protect citizens from all governmental intrusion, but only from unreasonable intrusions. *State v. Caples*, 236 Neb. 563, 462 N.W.2d 428 (1990).

In this case, we are confronted with not merely a pat-down search, but, rather, with a full search of defendant's person. It is clear from the record that Atkinson did not merely frisk defendant, but immediately searched inside defendant's pocket. In *United States v. Robinson*, 414 U.S. 218, 94 S. Ct. 467, 38 L. Ed. 2d 427 (1973), the Supreme Court held that in the case of a lawful custodial arrest, a full search of a person is not only an exception to the Fourth Amendment's warrant requirement, but is also a reasonable search under that amendment.

This court has also held that a search incident to a lawful arrest is a reasonable search under article I, § 7, of the Nebraska Constitution. *State v. Roach*, 234 Neb. 620, 452 N.W.2d 262 (1990). Of course, the validity of a search incident to a lawful warrantless arrest depends on the legality of the arrest itself. *State v. Kimminau*, 240 Neb. 176, 481 N.W.2d 183 (1992). The validity of a warrantless arrest and the

permissibility of a search incident thereto are premised upon the existence of probable cause, not on a police officer's knowledge that probable cause exists. *State v. Roach, supra.* When a law enforcement officer has knowledge, based on information reasonably trustworthy under the circumstances, which justify a prudent belief that a suspect is committing or has committed a crime, the officer has probable cause to arrest without a warrant. *State v. Van Ackeren*, 242 Neb. 479, 495 N.W.2d 630 (1993), *cert. denied* ____ U.S. ____, 114 S. Ct. 113, 126 L. Ed. 2d 78. Also, a search incident to arrest can be made prior to an arrest as long as probable cause for the arrest exists prior to the search. *State v. Roach, supra.*

In the present case, the search of defendant's pocket took place after the arresting officer observed defendant, who was carrying a can of beer while walking along the sidewalk, place the beer on the curb and after the arresting officer witnessed defendant take several paper items from his shirt pocket and dispose of them on the ground.

Neb. Rev. Stat. § 29-404.02 (Reissue 1989) authorizes a peace officer to make a warrantless arrest when there is probable cause to believe that a misdemeanor is being committed in the presence of the officer. It is a misdemeanor to litter on public or private property. Neb. Rev. Stat. § 28-523 (Reissue 1989). Atkinson, the arresting officer, observed conduct of defendant which established probable cause to believe he was witnessing the commission of a misdemeanor. He had knowledge, based on information reasonably trustworthy under the circumstances, which justified his prudent belief that the suspect was committing a crime.

The State also asserts that probable cause to arrest existed for defendant's possession of alcohol in public. Neb. Rev. Stat. §§ 53-186 and 53-1,100 (Reissue 1988) provide that consumption of liquor on public property, unless authorized by the governing body having jurisdiction over such property, is a misdemeanor. However, we need not decide whether probable cause to arrest for this offense existed, since the trial court did not rule on this issue and since it is only necessary to find that probable cause existed to arrest for some crime.

Since Atkinson had probable cause to arrest for littering

prior to searching defendant, the arrest was proper. Pursuant to the lawful arrest, Atkinson had authority to conduct a full search of defendant without a search warrant. See, *United States v. Robinson*, 414 U.S. 218, 94 S. Ct. 467, 38 L. Ed. 2d 427 (1973); *State v. Sassen*, 240 Neb. 773, 484 N.W.2d 469 (1992). A search incident to arrest is not limited to searching the arrested person for weapons only; an officer may search for and seize any evidence on the arrestee's person, even if such evidence is unrelated to the crime for which the arrest was made, in order to prevent concealment or destruction of evidence. *Id.*

Neb. Rev. Stat. § 29-422 (Reissue 1989) not only provides that citations may be issued in lieu of arrest for misdemeanors such as littering, but it also makes clear that it is the "policy of the State of Nebraska to issue citations in lieu of arrest or continued custody to the maximum extent consistent with the effective enforcement of the law and the protection of the public." It would appear that the issuance of a citation, rather than arrest, for littering would be consistent with the State's policy. Arrest was appropriate, since defendant failed to identify himself and since no citation can be issued without the name and address of the person to be cited. Neb. Rev. Stat. § 29-424 (Reissue 1989).

We affirm the judgment of the district court.

AFFIRMED.