Argued and submitted November 29, 1995, reversed and remanded January 24, petition for review denied June 18, 1996 (323 Or 483)

# STATE OF OREGON,
*Appellant,*

*v.*

# LINDA MARIE SEAL,
*Respondent.*

## (94-1198; CA A86802)

910 P2d 394

Kaye E. Sunderland, Assistant Attorney General, argued the cause for appellant. With her on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Mary M. Reese, Deputy Public Defender, argued the cause for respondent. With her on the brief was Sally L. Avera, Public Defender.

Before Riggs, Presiding Judge, and Landau and Leeson, Judges.

LEESON, J.

## LEESON, J.

The state appeals from a pretrial order granting defendant's motion to suppress evidence. We reverse.

The following facts are not in dispute. On June 9, 1994, defendant was a passenger in a car that Seaside Police Officer Schroeder stopped after the driver committed a traffic infraction. Officer Bergin arrived a few moments later, recognized defendant from previous law enforcement contacts, and told her that he thought that there was an outstanding warrant for her arrest. He asked her to wait while he checked for a warrant. The dispatcher confirmed that there was a warrant for defendant's arrest and Bergin arrested her. While defendant was standing near Bergin's patrol car, he saw a small leather pouch on the ground near her feet. Although there was dew on the ground, the pouch was warm and dry. Berlin examined the pouch and found that it contained a pipe lined with a residue of burnt marijuana. He also noticed fresh needle track marks on defendant's arms. He handcuffed defendant and asked her if she had any weapons or any needles. She replied that she did not have any weapons and advised Bergin: "Don't search if you don't want to get poked." While he slowly frisked defendant, Bergin discovered two bindles that contained cocaine. He told defendant that she was under arrest for possession of a controlled substance, advised her of her *Miranda* rights and transported her to the county jail.

Defendant moved to suppress the evidence discovered when Bergin searched her, contending that the arrest warrant was invalid because it was not supported by an affidavit, that the search was not justified by probable cause or by her consent, that the search exceeded the limits of a search incident to arrest, and that officer safety did not justify the search or that the search exceeded the scope of a valid search based on officer safety.

The trial court found that Bergin had probable cause to search defendant for his own safety, that defendant neither consented nor objected to the search, that defendant would have been searched at the jail and that the contraband inevitably would have been discovered. The court also found that, according to Bergin's testimony, the warrant for defendant's

arrest had been issued for driving while suspended, that there was no other evidence in the record to show on what basis the warrant was issued and that the initial arrest on the warrant gave Bergin the basis for searching defendant and discovering the drugs. However, the court concluded that, because the state did not produce an affidavit in support of the arrest warrant and relied solely on Bergin's testimony, the warrant was not valid and, therefore, that Bergin's search of defendant violated her rights under Article I, section 9, of the Oregon Constitution.

The state maintains that the record of the suppression hearing does not support the trial court's finding that Bergin testified that the arrest warrant was for driving while suspended. It contends that Bergin testified that the warrant was issued for failure to appear and that a bench warrant issued for failure to appear does not require a supporting affidavit. Therefore, the warrant, the resulting arrest and the search were all valid. Defendant concedes that she was arrested pursuant to a warrant, but argues that the state has the burden of producing the warrant and any accompanying affidavits at the suppression hearing. The only evidence that the state presented was Bergin's testimony, which, she contends, is not sufficient to sustain the state's burden of production regarding the warrant.

■ In *State v. Brown*, 96 Or App 171, 175, 772 P2d 429 (1989), we emphasized that Article I, section 9, requires that "*no* warrant shall issue, but upon probable cause, supported by oath, or affirmation."[1] (Emphasis supplied.) In *State v. Noble*, 314 Or 624, 629, 842 P2d 780 (1992), the Supreme Court, interpreting ORS 133.340,[2] held that when a crime is committed in the

---

[1] Article I, section 9, of the Oregon Constitution, provides:

"No law shall violate the rights of the people to be secure in their persons, houses, papers, and effects, against unreasonable search, or seizure; and no warrant shall issue but upon probable cause, supported by oath, or affirmation, and particularly describing the place to be searched, and the person or thing to be seized."

[2] ORS 133.340 provides:

"When a crime is committed in the presence of a magistrate, the magistrate may, by a verbal or written order, command any person to arrest the offender and may thereupon proceed as if the offender had been brought before the magistrate upon a warrant of arrest."

*"physical presence* of a judicial officer acting in the judicial officer's official capacity[,] [f]or example, * * * when a party fails to appear without excuse at the time and place of a scheduled hearing, * * * the facts giving rise to probable cause occur 'in the presence of the court[,]' and the warrant need not be supported by a sworn statement from the magistrate." (Emphasis in original.)

If the warrant for defendant's arrest was issued for driving while suspended, as the trial court found, defendant is correct that the warrant must be supported by oath or affirmation. However, if the warrant was issued for failure to appear, as the state contends, then it need not be supported by a sworn statement.

■     We are bound by the trial court's findings of historical fact if evidence in the record supports them. *Ball v. Gladden*, 250 Or 485, 487, 443 P2d 621 (1968). Bergin's testimony is the only evidence in the record regarding the basis for the arrest warrant. After Bergin testified that he placed defendant under arrest for possession of controlled substances after she had already been arrested pursuant to the warrant, the trial court asked:

"Q:   What was the charges the warrant was on?

"A:   I don't recall, Your Honor. I believe that it was for a driving charge. I could look it up."

A few minutes later, Bergin volunteered:

"A:   Upon looking back, this warrant was for a — a *Failure to Appear on a D[riving] W[hile] S[uspended]*." (Emphasis supplied.)

During closing arguments, the following colloquy took place between the court and the prosecutor:

"[Prosecutor]:   * * * The — the Court has the evidence from — from Officer Bergin. What warrant was — was he arresting him on? A failure to appear warrant.

"The Court:   That isn't what he said. He said that the — the warrant for Driving While Suspended.

"[Prosecutor]:   Was for Failure to Appear.

"The Court:   He didn't say for Failure to Appear.

"* * * * *

"The Court: He had first testified that he couldn't remember. Then in an aside to me during — going on, he volunteered the further information the warrant was for Driving While Suspended."

Although Bergin initially testified that he could not recall the basis for the warrant, after he had refreshed his memory, he testified that the warrant was for failure to appear on a charge of driving while suspended. It appears from the record that the trial court did not fully hear Bergin's statement. Its finding that the warrant for defendant's arrest was issued for driving while suspended is not supported by the record. Because the arrest warrant was issued for failure to appear, which occurred in the physical presence of the judicial officer who issued it, it needed no sworn statement to support it. The state is correct that the warrant, the resulting arrest and the search of defendant were valid.

Nonetheless, defendant argues, the trial court should be affirmed, because the state has the burden of producing the warrant and Bergin's testimony is not sufficient to establish the basis for the warrant. Those arguments were not adequately preserved for appeal. At the hearing, defendant did not object to Bergin's statements regarding either the existence of or the basis for the warrant or to the trial court's reliance on that testimony to support its finding that the warrant was issued for driving while suspended. Her concession that she was arrested pursuant to a warrant precludes her from challenging the existence of the warrant for the first time on appeal.

Finally, defendant contends that even if the arrest on the warrant was valid, we should nonetheless affirm the trial court's suppression order because the scope of the search following the arrest exceeded the limits allowed for officer safety. That argument is without merit. Bergin testified that, after he asked defendant if she was carrying any needles, she advised him not to search her if he did not want to get poked. He also testified that needles may be used as weapons, that he had been poked by needles while searching other suspects and that he was concerned about contracting an infectious disease from a needle. The evidence in the record supports the trial court's finding that the Bergin's search of defendant was justified by a concern for his own safety. The record also

supports the court's finding that, based on the county sheriff's rules and procedures, the drugs inevitably would have been discovered when defendant was booked into the county jail.

Reversed and remanded.