Argued and submitted January 27, reversed and remanded December 29, 1999

## STATE OF OREGON,
*Respondent,*

*v.*

## JOHN EDWARD BECKSTEAD,
*Appellant.*

(95-1883CR; CA A98902)

994 P2d 174

Walter J. Ledesma, Deputy Public Defender, argued the cause for appellant. With him on the brief was Diane L. Alessi, Interim Public Defender.

Jonathan H. Fussner, Assistant Attorney General, argued the cause for respondent. With him on the brief were Hardy Myers, Attorney General, and Michael D. Reynolds, Solicitor General.

Before De Muniz, Presiding Judge, and Deits, Chief Judge, and Haselton, Judge.

DEITS, C. J.

**DEITS, C. J.**

Defendant appeals his conviction for Possession of a Controlled Substance II. ORS 475.992(4)(b). He was convicted on stipulated facts after his motion to suppress evidence was denied. He assigns error to that denial. We reverse.

The following facts are not in dispute. In 1993, defendant was charged and convicted of negotiating a bad check, ORS 165.065. The trial court ordered a deferred sentence on the condition that defendant obey all laws and pay $142.17 in fees and restitution within six months. During the next two years, defendant received a number of extensions on the deadline for making full payment. On June 2, 1995, defendant appeared for a court hearing; he still owed $82.17. Another hearing was scheduled for June 16, 1995, at 8:30 a.m. The court's order provided that he was to either "pay in full or appear" at that time and that he would be given no further extensions. On June 16, 1995, before 8:30 a.m., defendant called the court clerk's office and told a clerk that he was unable to make the court appearance, but that he would pay the remaining $82.17 before 5:00 p.m. that day. The clerk told defendant that if he did so, then a warrant would not issue for his arrest. There is no evidence that this information was communicated to the court. When defendant did not appear before the court at 8:30 a.m., a bench warrant was issued for his arrest. Defendant paid the $82.17 before 5:00 p.m. on June 16, 1995.

On June 23, 1995, defendant was arrested on the bench warrant. A search of his person at the jail revealed the methamphetamine that is the subject of the charge in this case. At trial, defendant moved for the suppression of the methamphetamine on the basis that the bench warrant was invalid and that, therefore, his arrest and subsequent search were unlawful. The trial court denied defendant's motion and trial was held on stipulated facts. After finding defendant guilty of, and sentencing him for, possession of a controlled substance, the trial court stayed the execution of the sentence pending this appeal.

On appeal, defendant argues that the trial court erred in denying his motion to suppress. He first contends that the court clerk's statement to defendant, that an arrest warrant would not be issued if the balance of his financial obligation was paid by 5:00 p.m. on the date set for defendant to appear, should have been imputed to the court that issued the bench warrant. It is unnecessary to reach that issue, however, because we agree with defendant that, under the holding of the Oregon Supreme Court in *State v. Noble,* 314 Or 624, 842 P2d 780 (1992), the arrest warrant was invalid and, consequently, the evidence obtained during the search incident to arrest must be suppressed.

In *Noble,* a court clerk issued a notice to show cause informing the defendant of the time by which he must pay his remaining obligation or appear in court. The defendant did not appear in court at the designated time. At the time that the defendant was to appear, the magistrate was informed by court staff that the defendant had not paid his financial obligation. A sworn statement was not made. The court subsequently issued a bench warrant for the defendant's arrest. The Supreme Court concluded that the bench warrant was invalid, explaining:

"* * * Article I, section 9, of the Oregon Constitution requires that, before a bench warrant for the arrest of a person may issue for any conduct other than conduct occurring in the presence of the court (as we have explained that concept), the issuing magistrate must determine that there exists probable cause supported by a sworn statement. A perusal of court records by the issuing magistrate is not a valid substitute for the statement supported by oath or affidavit. It follows that the warrant issued for defendant's arrest in this case was invalid under the Oregon Constitution, as was the arrest made pursuant to it. Evidence obtained from defendant's person during the search incident to the unlawful arrest should have been suppressed." *Id.* at 632.

The circumstances of *Noble* are similar to the facts of this case. Here, as in *Noble,* defendant was ordered to appear in court *or* pay the balance of his obligation to the court. When defendant did not appear, the court issued a bench warrant for his arrest. Defendant's failure to appear occurred

in the presence of the court. However, as in *Noble*, defendant was given an alternative means of satisfying the court's order; namely, paying his financial obligation to the court. The court's determination that defendant had not satisfied his financial obligation was not supported by oath or affirmation, as required by *Noble*.[1] Consequently, the warrant was invalid as was the arrest made pursuant to it. The evidence found as a result of the unlawful arrest should have been suppressed. We hold that the trial court erred in denying defendant's suppression motion.

Reversed and remanded.

---

[1] During argument on the motion to suppress, the prosecutor stated:

"Well, I'm sure that the computer was checked to see whether he had paid at the time the warrant was authorized. And at that time he had not paid it."

This statement was not under oath and was not supported by any evidence.