STATE OF NEBRASKA, APPELLEE, V.
RICHARD DAVIDSON, APPELLANT.
607 N.W. 2d 221

Filed March 7, 2000.    No. A-99-076.

Jerry J. Fogarty, Deputy Hall County Public Defender, for appellant.

Don Stenberg, Attorney General, and Ronald D. Moravec for appellee.

IRWIN, Chief Judge, and SIEVERS and CARLSON, Judges.

IRWIN, Chief Judge.

## I. INTRODUCTION

Richard Davidson appeals from his conviction for possession of a controlled substance, a Class IV felony offense under Neb. Rev. Stat. § 28-416(3) (Reissue 1995). Davidson challenges the district court's ruling on his motion to suppress physical evidence and the subsequent admission of the evidence at trial. Because the State failed to produce any supporting affidavit for the arrest warrant which led to the search or any other evidence upon which the validity of the warrant could be assessed, we conclude that the evidence should have been suppressed, and we reverse, and remand the case.

## II. BACKGROUND

On May 4, 1998, Investigator David Waskowiak, of the Hall County Sheriff's Department, arrested Davidson pursuant to an

active arrest warrant which had been issued as a result of a non-related matter. According to the warrant, the warrant was issued because Davidson failed to pay the full amount of a judgment and costs pursuant to a prior conviction. As Waskowiak handcuffed Davidson, he noticed that Davidson's left hand was clenched shut. Waskowiak instructed Davidson to unclench the hand, at which time, a cellophane package containing a white powder was discovered. The substance ultimately tested positive for methamphetamine.

On June 25, 1998, the State filed an information charging Davidson with possession of methamphetamine. Davidson pled not guilty at his arraignment on July 7. On July 31, Davidson filed a motion to suppress the fruits of the May 4 search by Waskowiak. In the motion, Davidson alleged that the search was without probable cause or a valid warrant. At the hearing on the motion to suppress, the State offered the arrest warrant, but did not offer any supporting affidavit. On September 14, the court made a journal entry ruling on the motion to suppress. The court found that the arrest warrant was valid on its face and that Waskowiak acted in good faith when relying on the warrant. As a result, the court overruled the motion to suppress.

On November 23, 1998, a trial was conducted on a stipulation of facts. Davidson preserved his objection to the introduction of the evidence, on the basis of his motion to suppress. The court found Davidson guilty of possession of a controlled substance, methamphetamine. On January 5, 1999, the court determined that Davidson was not a proper candidate for probation and sentenced Davidson to 6 months in the county jail. Davidson filed this timely appeal.

### III. ASSIGNMENTS OF ERROR
On appeal, Davidson has assigned two errors. Davidson asserts that the court erred in overruling his motion to suppress and in admitting the evidence at trial.

### IV. ANALYSIS
#### 1. STANDARD OF REVIEW
A trial court's ruling on a motion to suppress, apart from determinations of reasonable suspicion to conduct an investiga-

tory stop and probable cause to perform a warrantless search, is to be upheld on appeal unless its findings of fact are clearly erroneous. *State v. Johnson*, 256 Neb. 133, 589 N.W.2d 108 (1999); *State v. Matthews*, 8 Neb. App. 167, 590 N.W.2d 402 (1999). In making this determination, an appellate court does not reweigh the evidence or resolve conflicts in the evidence, but, rather, recognizes the trial court as the finder of fact and takes into consideration that it observed the witnesses. *State v. Johnson, supra*; *State v. Matthews, supra*.

██ Ultimate determinations of reasonable suspicion and probable cause are reviewed de novo. *State v. Konfrst*, 251 Neb. 214, 556 N.W.2d 250 (1996). To the extent questions of law are involved, an appellate court is obliged to reach conclusions independent of the decisions reached by the courts below. *State v. Johnson, supra*.

### 2. FAILURE TO PROVIDE AFFIDAVIT

On appeal, Davidson asserts primarily that the State's failure to introduce an affidavit to support the arrest warrant which led to the discovery of the evidence in the present case renders the warrant invalid and the search impermissible. Our review of Nebraska cases indicates that this is a question of first impression.

██ We initially note that it has been observed that the Fourth Amendment to the U.S. Constitution makes no distinction in the standards applicable to a determination of probable cause for arrest and probable cause for search and seizure. *State v. Hayes*, 3 Neb. App. 919, 535 N.W.2d 715 (1995). As such, we consider propositions of law surrounding search warrants as analogous to the situation in the present case, where the search was incident to an arrest warrant.

██ It is firmly established in Nebraska that a defendant who seeks suppression of evidence obtained pursuant to a legally issued search warrant has the burden of establishing that the search was improper and that the evidence secured thereby should be suppressed. *State v. Vrtiska*, 225 Neb. 454, 406 N.W.2d 114 (1987). In *State v. Vrtiska*, the Supreme Court made it very clear that the burden of going forward with the evidence depends on whether the search is pursuant to a warrant or is a

warrantless search. If a search is pursuant to a warrant, the burden is on the defendant to establish the illegality of the search; if the search is not pursuant to a warrant, the burden is on the State to establish the legality of the search. *State v. Vrtiska, supra.*

■■■ In the present case, we are presented primarily with a question as to the validity of the warrant itself. In evaluating the validity of a warrant, the duty of a reviewing court is to ensure that the issuing magistrate had a substantial basis for determining that probable cause existed. *State v. Beeken*, 7 Neb. App. 438, 585 N.W.2d 865 (1998). To be valid, the warrant obtained must have been supported by an affidavit establishing probable cause. See *State v. Johnson, supra.* In assessing whether an affidavit in support of issuing a search warrant establishes probable cause, the Nebraska Supreme Court has adopted a "totality of the circumstances" rule, under which the question becomes whether the issuing magistrate, considering the totality of circumstances, had a substantial basis for finding that the affidavit established probable cause. *Id.*

In the present case, Davidson asserted in his motion to suppress that there was not a valid warrant. At the hearing on the motion, the State offered the arrest warrant, but made no effort to introduce the supporting affidavit. Although the arguments of counsel were not recorded, it is apparent from the judge's comments at the conclusion of the hearing that Davidson's counsel argued that the affidavit was necessary for the court to make a proper determination as to the validity of the warrant.

Under Nebraska jurisprudence, the validity of the warrant itself is intricately dependent upon the allegations made in the supporting affidavit. In the present case, there is no way to adequately judge the legality of the warrant, as the State failed to present the affidavit. We are cognizant of the fact that this case is, in some ways, different from a typical warrant case. The warrant issued in the present case is an arrest warrant issued for Davidson's failure to pay a previous judgment and costs and failure to appear to show cause why he should be excused from paying the judgment and costs. The State argued during argument that warrants for failure to appear are generally issued by the court on its own motion without any instigating action by the

State. As such, the State argued that we should not impose the same affidavit requirement in this scenario as we do in other situations, such as search warrant cases.

█ We note that other jurisdictions have addressed situations similar to the present case, in the context of warrants issued for failure to appear, or capias warrants. See, e.g., *Atkins v. State*, 984 S.W.2d 780 (Tex. App. 1999); *Summers v. State*, No. 05-96-01839-CR, 1998 WL 665639 (Tex. App. 1998); *Myles v. State*, 946 S.W.2d 630 (Tex. App. 1997); *State v. Williams*, No. 95CA93, 1996 WL 753216 (Ohio App. 1996); *State v. Seal*, 138 Or. App. 693, 910 P.2d 394 (1996). The Texas appellate court has noted that for purposes of constitutional scrutiny, there is no substantial difference between an arrest warrant and a capias. *Sharp v. State*, 677 S.W.2d 513 (Tex. Crim. App. 1984). Accord *Myles v. State, supra* (court applying same standards in context of capias as in context of any other arrest warrant case).

█ Other jurisdictions addressing the issue have, however, recognized that the lack of an affidavit may be overcome by other competent evidence in the record upon which the validity of the warrant may be judged. For example, if the face of the warrant reflects the fact that it was issued based upon the personal knowledge of the issuing magistrate or judge, or has a complaint attached which sets forth in sworn form the facts upon which the allegation of the defendant's failure to appear is based, the warrant's validity may be judged without an available affidavit. See *Atkins v. State, supra*. Additionally, if the face of the warrant reflects the fact that the failure to appear occurred in the presence of the issuing magistrate or judge, such that personal knowledge of the issuing magistrate or judge is reflected in the warrant, the validity of the warrant may be adequately scrutinized. See *State v. Seal, supra*. The failure to produce an affidavit may be overcome if the State produces some other evidence showing that the warrant was supported by a reasonable belief that probable cause existed for the arrest. See *Miller v. State*, 736 S.W.2d 643 (Tex. Crim. App. 1987).

In the present case, there is simply no evidence in the record upon which we can assess the validity of the warrant at issue. The face of the warrant does not include any statements which indicate that the warrant was issued upon the personal knowl-

edge of the issuing judge or that the issuing judge was the same judge whom Davidson failed to appear in front of. There is no supporting affidavit or any other sworn testimony upon which we can assess whether there was probable cause for issuing the warrant. Although we recognize that in these cases where warrants are issued for failure to appear or pay a judgment and costs, the lack of an affidavit may be overcome by the presence of some evidence upon which we can adjudge the validity of the warrant; no such evidence exists in the present case. As a result, we conclude that the State failed to establish that the search in the present case was the result of a valid legally issued warrant.

### 3. PROBABLE CAUSE

Our inquiry does not end with our finding that there was not a valid warrant however. The Fourth Amendment to the U.S. Constitution and article I, § 7, of the Nebraska Constitution prohibit only unreasonable searches and seizures. *State v. Ranson*, 245 Neb. 71, 511 N.W.2d 97 (1994); *State v. Kinney*, 6 Neb. App. 102, 572 N.W.2d 383 (1997). However, as noted above, if there is no valid warrant, the burden is on the State to establish that the search was conducted under circumstances substantiating the reasonableness of the search. *State v. Johnson*, 256 Neb. 133, 589 N.W.2d 108 (1999).

On the record before us, the State did not present any evidence which would demonstrate the reasonableness of the search, aside from the arrest warrant. The State, accordingly, did not satisfy its burden of establishing the legality of the warrantless search.

### 4. GOOD FAITH

We note that the trial court concluded that the lack of an affidavit could be rectified by the investigating officer's "good faith" reliance upon the warrant. The good faith exception espoused by the U.S. Supreme Court in *United States v. Leon*, 468 U.S. 897, 104 S. Ct. 3405, 82 L. Ed. 2d 677 (1984), provides that even if the affidavit is insufficient to support a warrant, evidence seized pursuant thereto need not be suppressed where police act in objectively reasonable good faith in reliance upon the warrant. The Nebraska Supreme Court has recognized

that in regard to an officer's reasonable reliance on an invalid warrant, the test for reasonable reliance is whether the affidavit was sufficient to create disagreement among thoughtful and competent judges as to the existence of probable cause. *State v. Reeder*, 249 Neb. 207, 543 N.W.2d 429 (1996), *cert. denied* 519 U.S. 1006, 117 S. Ct. 506, 136 L. Ed. 2d 397. See, also, *State v. Johnson, supra.*

It is apparent that in order to determine whether the good faith exception applies, it is necessary to be able to assess the allegations set forth in the affidavit. Without the affidavit, there is no way to determine whether the allegations therein are sufficient to create disagreement among thoughtful and competent judges as to the existence of probable cause. As such, where, as in the present case, the State fails to produce an affidavit at all, the good faith exception cannot be properly applied. For this reason, we conclude that the district court was wrong to apply the good faith exception.

### 5. RESOLUTION

On the record presented to us, we conclude that the State failed to satisfy the burden of proof at the hearing on the motion to suppress. The State failed to produce the affidavit upon which the arrest warrant was issued and, therefore, failed to demonstrate the validity of the warrant. As such, we consider the search of Davidson to have been conducted without a valid warrant. The State failed to offer any evidence to justify a warrantless search of Davidson. As such, the district court erred in overruling the motion to suppress and in accepting the evidence at trial.

### V. CONCLUSION

Finding the court erred in overruling the motion to suppress and in accepting the evidence at trial, we reverse, and remand with directions to grant the motion to suppress and conduct further proceedings consistent with this opinion.

REVERSED AND REMANDED WITH DIRECTIONS.