STATE OF NEBRASKA, APPELLEE, V. DAVID WYATT, APPELLANT.

575 N.W. 2d 411

Filed March 3, 1998.   No. A-97-128.

Russel L. Jones, of Clough, Dawson & Piccolo, for appellant.

Don Stenberg, Attorney General, and Jennifer S. Liliedahl for appellee.

MILLER-LERMAN, Chief Judge, and IRWIN and MUES, Judges.

MUES, Judge.

## INTRODUCTION

David Wyatt was convicted in a bench trial of manufacturing marijuana and was sentenced to 60 days' probation. He appeals his conviction, alleging that the district court improperly denied his motion to suppress and that there was insufficient evidence to convict him.

## FACTS

On October 3, 1995, the North Platte Police Department received a report from Vicki Colonna-Valdivia that she had seen a glass bong full of water and a cellophane wrapper with marijuana in it on top of the refrigerator in the residence of David Wyatt. Colonna-Valdivia explained that she was Wyatt's landlord and had attempted to evict him on two occasions in August and September. She told Investigator Matt Phillips that Wyatt was supposed to be out of the residence by October 1 and that on October 3, she went to the residence to check to see if he had vacated it. This is when she saw the bong and marijuana. She also stated that she had observed large amounts of vehicular traffic coming and going from Wyatt's residence at all hours of the day and night and that this traffic would generally stop for only 5 to 10 minutes before leaving.

Based upon the above-mentioned information set forth in an affidavit by the police department, a search warrant was issued by a Lincoln County judge. The police executed the warrant at Wyatt's residence at 2:24 p.m. on October 3, 1995. No one answered when the police officers knocked on the door, so they entered the residence through a door on the east side of the residence which was open when they arrived.

Based upon the evidence seized, the State subsequently charged Wyatt with manufacturing a controlled substance, to wit, marijuana. Wyatt filed a motion to suppress "[a]ny and all evidence acquired as a result of the search" of his residence,

alleging that there was insufficient probable cause to issue the warrant. The trial court overruled the motion after a suppression hearing, finding that under *State v. Detweiler*, 249 Neb. 485, 544 N.W.2d 83 (1996), Colonna-Valdivia was a citizen informant and, thus, that she and the information she supplied were sufficiently reliable to establish probable cause for the warrant to be issued.

At a bench trial, Wyatt made a continuing objection to the evidence seized because of the alleged illegality of the search warrant. It was stipulated that Colonna-Valdivia was unavailable to testify, but that if she was called, she would testify to the statements contained in the search warrant and would identify Wyatt as her tenant. Phillips testified that the information contained in the search warrant was what was told to him in the morning of October 3, 1995, and that he obtained a search warrant to search Wyatt's residence at 1001 West 19th, North Platte, Nebraska, based upon that information. Phillips testified that he then served the warrant on Wyatt's residence in the afternoon of October 3. He and other officers knocked on the front door, and when nobody answered, they entered the residence through a side door which was open. Once inside, he found a glass bong, Zig-Zag papers, postage scales, brass filters, roach clips, a stone "tooter," two brass pipes, other drug paraphernalia, and .4 grams of marijuana including seeds in a cellophane wrapper on top of the refrigerator. He also discovered the healthy, immature marijuana plant pictured in exhibit 2 growing in a 5-gallon bucket in the washroom.

Nebraska State Patrol forensic drug chemist Victor Sterup testified that he analyzed the materials found on the refrigerator and in the growing plant found in the washroom and that both were indeed marijuana but did not appear to come from the same plant.

The trial court found Wyatt guilty, and he timely appealed to the Nebraska Court of Appeals.

## ASSIGNMENTS OF ERROR

Wyatt's assignments of error are that the district court erred in (1) overruling his motion to suppress and (2) convicting him upon insufficient evidence.

## STANDARD OF REVIEW

■ In reviewing a trial court's ruling on a motion to suppress, an appellate court reviews the ultimate determination of probable cause de novo and reviews the findings of fact made by the trial court for clear error, giving due weight to the inferences drawn from those facts by the trial court. *State v. Nissen*, 252 Neb. 51, 560 N.W.2d 157 (1997); *State v. Kinney*, 6 Neb. App. 102, 572 N.W.2d 383 (1997).

■ While a determination of probable cause to issue a warrant must be reviewed de novo on appeal, we must continue to afford great deference to the magistrate's determination; the question is whether under the totality of the circumstances brought to the attention of the magistrate and by interpreting the affidavit in a commonsense and not a hypertechnical manner, the magistrate had a substantial basis for finding the existence of a fair probability that evidence of a crime or contraband would be found. *State v. Valdez*, 5 Neb. App. 506, 562 N.W.2d 64 (1997). See, also, *State v. Detweiler*, 249 Neb. 485, 544 N.W.2d 83 (1996).

## DISCUSSION

*Motion to Suppress.*

Wyatt argues that the affidavit was insufficient to provide probable cause to issue the search warrant because Colonna-Valdivia was not a citizen informant and therefore, that the validity of her information cannot be presumed. He argues that she acted with the ulterior motive of removing her tenant rather than to help police enforce the law. The trial court held that Colonna-Valdivia was a citizen informant notwithstanding the fact that she was Wyatt's landlord and was in the process of evicting him.

■ In reviewing the strength of an affidavit as a basis for finding probable cause to issue a search warrant, we have adopted the "totality of the circumstances" rule established by the U.S. Supreme Court in *Illinois v. Gates*, 462 U.S. 213, 103 S. Ct. 2317, 76 L. Ed. 2d 527 (1983). *Detweiler, supra.* Under this standard, the question is whether under the totality of the circumstances, the issuing magistrate had a " 'substantial

basis' " for finding that the affidavit established probable cause. *Id.* at 489, 544 N.W.2d at 88.

When a search warrant is obtained on the strength of an informant's information, the affidavit in support of the issuance of the warrant must (1) set forth facts demonstrating the basis of the informant's knowledge of criminal activity and (2) establish the informant's credibility, or the informant's credibility must be established in the affidavit through a police officer's independent investigation. *State v. Grimes*, 246 Neb. 473, 519 N.W.2d 507 (1994); *Valdez, supra.*

Phillips' affidavit stated that on October 3, 1995, Colonna-Valdivia reported to him that she had observed a glass bong and marijuana on Wyatt's refrigerator when she entered the residence as a landlord to check if Wyatt had complied with her second eviction notice. It also stated that she lived next door to Wyatt and had observed large amounts of vehicular traffic at all hours of the day and night that would stop only 5 to 10 minutes. This information demonstrated the basis of her knowledge of Wyatt's alleged criminal activity.

Wyatt's contention is that the affidavit did not meet the second prong of the test, in other words, that it did not establish Colonna-Valdivia's credibility. The reliability of an informant may be established by showing that (1) the informant has given reliable information to police officers in the past, (2) the informant is a citizen informant, (3) the informant has made a statement that is against his or her penal interest, or (4) a police officer's independent investigation establishes the informant's reliability or the reliability of the information the informant has given. *State v. Utterback*, 240 Neb. 981, 485 N.W.2d 760 (1992); *Valdez, supra.*

Wyatt argues that there is no information in the affidavit which supports the trial court's finding that Colonna-Valdivia is reliable. We agree that there is no information concerning past information she may have given, that she did not make a statement against her penal interest, and that there was no independent police investigation to establish her reliability. However, the trial court found Colonna-Valdivia to be a citizen informant and found that her reliability could be presumed.

" ' "When considering the sufficiency of probable cause based on information supplied by an informant, it is important to distinguish the police tipster, who acts for money, leniency, or some other selfish purpose, from the citizen informer, whose only motive is to help law officers in the suppression of crime.

. . . .

" ' "In the latter the rule of prior reliability is considerably relaxed for several reasons. In the first place the citizen informer rarely had any earlier experience in reporting suspected criminal activity. Furthermore, unlike the professional informant, he is without motive to exaggerate, falsify or distort the facts to serve his own ends." ' "

*State v. Detweiler*, 249 Neb. 485, 491-92, 544 N.W.2d 83, 89 (1996), quoting *State v. Blakely*, 227 Neb. 816, 420 N.W.2d 300 (1988).

■ It is generally agreed that a showing of reliability is not needed to establish the veracity of information when the information comes from an average citizen rather than a confidential informant who is usually involved in criminal activity. 2 Wayne R. LaFave, Search and Seizure, a Treatise on the Fourth Amendment, § 3.4(a) (3d ed. 1996). " '[A]n untested citizen informant who has personally observed the commission of a crime is presumptively reliable.' " *Detweiler*, 249 Neb. at 492, 544 N.W.2d at 89.

■ The affidavit clearly set out that Colonna-Valdivia was Wyatt's landlord, that she had tried to evict him on two occasions, and that she had entered the residence to see if he had complied with the second eviction notice. The trial court's finding that Colonna-Valdivia was properly viewed as a citizen informant, which was based in part on the trial court's determination that the neutral and detached magistrate's decision to issue the warrant must be given deference, was made despite the landlord-tenant dispute reflected in the affidavit supporting the issuance of the warrant. "A magistrate's 'determination of probable cause should be paid great deference by reviewing courts.' " *Illinois v. Gates*, 462 U.S. 213, 236, 103 S. Ct. 2317, 76 L. Ed. 2d 527 (1983). Accord *State v. Swift*, 251 Neb. 204, 556 N.W.2d 243 (1996). After-the-fact scrutiny by courts of the

sufficiency of an affidavit should not take the form of de novo review. *Detweiler, supra.*

In *Detweiler, supra*, the defendants were convicted of manufacturing a controlled substance and possession with intent to deliver a controlled substance. A confidential informant had given photographs and information about the defendants' growing operation which were subsequently used to obtain a search warrant. In holding that the evidence seized was properly admitted despite the motion to suppress, the Nebraska Supreme Court held that " '[a]n untested citizen informant who has personally observed the commission of a crime is presumptively reliable.' " *Id.* at 492, 544 N.W.2d at 89. It defined citizen informant as " ' "a citizen who purports to . . . have been the witness of a crime who is motivated by good citizenship and acts openly in aid of law enforcement," ' " and held that "[r]eliability may appear by the very nature of the circumstances under which the incriminating information became known." *Id.*

The State argues that Colonna-Valdivia, as a landlord, was simply a citizen informant. Wyatt argues that the affidavit disclosed Colonna-Valdivia was a disgruntled landlord frustrated by her failed efforts to evict a tenant and motivated to share incriminating information, not by good citizenship, but by the personal benefit of having Wyatt immediately removed from the residence. He argues that such affidavit shows a reason to exaggerate, falsify, or distort the facts to serve her own ends; that she did not provide this information solely to help law enforcement officers suppress crime; and thus, that the reliability of the information could not be presumed but must have been separately established. To some extent, we agree that the affidavit discloses that Colonna-Valdivia may not perfectly fit the model of a typical citizen informant motivated purely by good citizenship, given her apparent landlord-tenant dispute with Wyatt.

However, notwithstanding the fact that Colonna-Valdivia's trustworthiness was tarnished by potential personal motives, that possible deficiency was compensated for by her candid disclosure of the dispute and her description in explicit detail of Wyatt, where he lived, what she had observed, and where she observed it. See *Gates, supra* (holding that deficiency in one element in the "totality of the circumstances" analysis may be

compensated for by strong showing of another). The affidavit reveals that Colonna-Valdivia entered Wyatt's residence for the legitimate purpose of checking on her property and to determine if Wyatt had complied with her eviction notice. While inside the residence, she observed a small package of marijuana on top of the refrigerator along with a glass bong. She did not check the remainder of the residence. Her concern over contraband observed in the course of checking to see if Wyatt had vacated the premises seems reasonable, especially in connection with her observation of large amounts of vehicular traffic coming and going from Wyatt's residence at all hours of the day and night. The relationship between Colonna-Valdivia and Wyatt, as set forth in detail in the affidavit, does not destroy her reliability as a citizen and property owner concerned over criminal activity on her property.

■ In evaluating probable cause for the issuance of a search warrant, the magistrate must make a practical, commonsense decision whether given the totality of the circumstances set forth in the affidavit before him or her, including the veracity of and basis of knowledge of the person supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place. *State v. Detweiler,* 249 Neb. 485, 544 N.W.2d 83 (1996). The issuing judge, knowing of the relationship between Colonna-Valdivia and Wyatt, obviously determined that the information furnished was reliable. From our review, applying the standard set forth in *State v. Valdez,* 5 Neb. App. 506, 562 N.W.2d 64 (1997), we conclude that the totality of the circumstances as shown in the affidavit furnished the issuing judge with a substantial basis for finding the existence of a fair probability that evidence of a crime or contraband would be found in the residence of Wyatt. Thus, the issuance of the warrant was proper, and the trial court did not err in refusing to suppress the evidence obtained pursuant to it.

■ However, even if Colonna-Valdivia's affidavit failed to establish probable cause, under the good faith exception established in *United States v. Leon,* 468 U.S. 897, 104 S. Ct. 3405, 82 L. Ed. 2d 677 (1984), evidence obtained by officers acting in reasonable reliance on a search warrant that was issued by a

neutral and detached magistrate but later found to be invalid is nonetheless admissible. *State v. Reeder*, 249 Neb. 207, 543 N.W.2d 429 (1996), citing *Leon, supra*. The test for reasonable reliance on a search warrant is whether the affidavit would create disagreement among thoughtful and competent judges as to the existence of probable cause. The test for reasonable reliance on a search warrant is an objective standard of reasonableness which requires officers to have a reasonable knowledge of what the law prohibits. *Id*. We find that it was reasonable for the police to rely on the search warrant. The affidavit on its face reflects that Colonna-Valdivia is an "average citizen" and not a confidential informant, see 2 Wayne R. LaFave, Search and Seizure, a Treatise on the Fourth Amendment, § 3.4(a) (3d ed. 1996). In applying the *Leon* exception, the standard is whether the officers had a good faith belief that the affidavit furnished probable cause, including that the person providing the information was reliable. See *Reeder, supra*. The affidavit provided detailed facts demonstrating the basis of Colonna-Valdivia's knowledge of the criminal activity and fully disclosed the nature of her relationship with Wyatt. The officers obtained a warrant from a neutral and detached magistrate. Thus, we conclude that Phillips and the other officers reasonably relied on the warrant and that the evidence seized pursuant to such reliance is therefore admissible. This assignment of error is without merit.

*Insufficient Evidence.*

Neb. Rev. Stat. § 28-416 (Reissue 1995) states in pertinent part: "Except as authorized by the Uniform Controlled Substances Act, it shall be unlawful for any person knowingly or intentionally: (a) To manufacture, distribute, deliver, dispense, or possess with intent to manufacture, distribute, deliver, or dispense a controlled substance . . . ." Neb. Rev. Stat. § 28-401(15) (Reissue 1995) defines manufacture as "the production, preparation, propagation, compounding, or processing of a controlled substance . . . *except that manufacture shall not include the preparation or compounding of a controlled substance by an individual for his or her own use* . . . ." (Emphasis supplied.) Production is defined to include "the manufacture,

planting, cultivation, or harvesting of a controlled substance."
§ 28-401(22).

Wyatt argues that there was insufficient evidence to sustain his conviction for manufacturing a controlled substance, to wit, marijuana, because his activity falls into the statutorily mandated personal use exception. He argues that the State did not prove beyond a reasonable doubt that he violated the manufacture element of the statute because there was no evidence that the marijuana found in his residence was for anything other than personal use.

The State argues that it was Wyatt's burden to prove that he falls within the personal use exemption.

> It shall not be necessary for the state to negate any exemption or exception set forth in this article in any complaint, information, indictment or other pleading or in any trial, hearing, or other proceeding under the provisions of this article, and the burden of proof of any such exemption or exception shall be upon the person claiming its benefit.

Neb. Rev. Stat. § 28-432(1) (Reissue 1995). This statute was interpreted in *State v. Taylor*, 221 Neb. 114, 375 N.W.2d 610 (1985).

In *Taylor*, the defendant was found guilty of delivering marijuana in violation of § 28-416. He appealed to the Nebraska Supreme Court, assigning as error the trial court's failure to instruct the jury that the State had the burden of proving that his actions were not statutorily excepted acts. The court, citing *State v. Fries*, 214 Neb. 874, 337 N.W.2d 398 (1983), held that the State did not bear the burden of proof on the issue of statutory exemptions. See *Taylor, supra*. We acknowledge that the court was interpreting the "except as authorized" phrase of § 28-416, rather than the "except that manufacture shall not include the preparation or compounding of a controlled substance by an individual for his or her own use" language of § 28-401(15), but we fail to see how these exceptions are distinguishable from each other. The specific personal use exemption defined in § 28-401 would seem to fall under the general "except as authorized" language of § 28-416. We conclude, based on *Taylor, supra*, that the burden was on Wyatt to prove he fell within this exemption.

The evidence shows that Colonna-Valdivia observed heavy traffic coming and going from Wyatt's residence at all hours of the day and night and that such traffic would generally stay for only 5 to 10 minutes. When the officers searched the residence, they found a healthy marijuana plant growing in a 5-gallon bucket in Wyatt's washroom, marijuana including seeds, and paraphernalia. The marijuana seeds came from a different marijuana plant than the one found growing in Wyatt's washroom. Wyatt did not offer any evidence to show that he was preparing or compounding the marijuana for his own personal use. While the quantity of marijuana found might support such an inference, we cannot say that such a conclusion is compelled as a matter of law.

In determining the sufficiency of the evidence to sustain a criminal conviction, it is not the province of the appellate court to resolve conflicts in the evidence, pass on the credibility of witnesses, determine the plausibility of explanations, or weigh the evidence. Such matters are for the finder of fact, and a verdict must be sustained if, taking the view most favorable to the State, there is sufficient evidence to support it. *State v. Wilson*, 4 Neb. App. 489, 546 N.W.2d 323 (1996). Viewing the evidence in favor of the State, as we must, we find that there is sufficient evidence that Wyatt was producing marijuana by planting or cultivating it for other than his personal use.

Wyatt's conviction for manufacturing marijuana is affirmed.

AFFIRMED.