STATE OF NEBRASKA, APPELLEE, V.
RICHARD DAVIDSON, APPELLANT.
618 N.W.2d 418

Filed September 29, 2000. No. S-99-076.

418

Jerry J. Fogarty, Deputy Hall County Public Defender, for appellant.

Don Stenberg, Attorney General, and Ronald D. Moravec for appellee.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.

GERRARD, J.
## FACTUAL AND PROCEDURAL BACKGROUND

Richard Davidson was arrested pursuant to an arrest warrant which had been issued by a county court judge as a result of Davidson's failure to pay a judgment and costs pursuant to a prior conviction or to appear and show cause why Davidson should not be committed to jail for nonpayment of the same. The arrest warrant was not accompanied by an affidavit or other sworn document establishing probable cause for the arrest.

When the warrant was executed, as Davidson was being handcuffed, the arresting officers observed that Davidson's left hand was clenched. Davidson was ordered to unclench his hand; when Davidson obeyed, a cellophane package was discovered containing a white powdery substance. The substance later tested positive for methamphetamine.

Davidson was charged with possession of a controlled substance, to which he pled not guilty. Davidson moved to suppress the methamphetamine, arguing that the arrest warrant was invalid. The district court overruled the motion based upon its determination that the arresting officers executed the warrant in good faith and that the face of the warrant did not indicate that the warrant was invalid. After a bench trial on stipulated facts, Davidson was convicted of possession of a controlled substance.

Davidson appealed to the Nebraska Court of Appeals, assigning that the district court erred in overruling his motion to suppress and in admitting the methamphetamine into evidence over his objection. The Court of Appeals determined that the arrest warrant was invalid, being unsupported by an affidavit establishing probable cause. See *State v. Davidson*, 9 Neb. App. 9, 607 N.W.2d 221 (2000). The Court of Appeals acknowledged authority from other jurisdictions stating that a warrant may be valid if the face of the warrant reflects the fact that it was issued based upon the personal knowledge of the issuing magistrate or judge, but the Court of Appeals determined:

> In the present case, there is simply no evidence in the record upon which we can assess the validity of the warrant at issue. The face of the warrant does not include any statements which indicate that the warrant was issued upon the personal knowledge of the issuing judge or that the

issuing judge was the same judge whom Davidson failed to appear in front of. There is no supporting affidavit or any other sworn testimony upon which we can assess whether there was probable cause for issuing the warrant. Although we recognize that in these cases where warrants are issued for failure to appear or pay a judgment and costs, the lack of an affidavit may be overcome by the presence of some evidence upon which we can adjudge the validity of the warrant; no such evidence exists in the present case. As a result, we conclude that the State failed to establish that the search in the present case was the result of a valid legally issued warrant.

*Id.* at 14-15, 607 N.W.2d at 226.

The Court of Appeals further determined that there was no evidence in the record otherwise establishing the reasonableness of the search or that the "good faith" exception to the warrant requirement could be applied. *Id.* Accordingly, the Court of Appeals reversed the judgment and remanded the cause with directions to the district court to grant the motion to suppress and to conduct further proceedings consistent with the Court of Appeals' opinion. *Id.* This court sustained the State's petition for further review.

## ASSIGNMENTS OF ERROR

The State assigns, renumbered and restated, that the Court of Appeals erred in (1) determining that the arrest warrant should have been supported by an affidavit establishing probable cause, (2) applying the wrong standard of review to determine whether the arresting officers were acting in good faith upon the warrant, and (3) finding that the "good faith" exception was inapplicable.

## STANDARD OF REVIEW

In reviewing a trial court's ruling on a motion to suppress, an appellate court reviews the ultimate determination of probable cause de novo and reviews the findings of fact made by the trial court for clear error, giving due weight to the inferences drawn from those facts by the trial court. *State v. Baue*, 258 Neb. 968, 607 N.W.2d 191 (2000); *State v. Nissen*, 252 Neb. 51, 560 N.W.2d 157 (1997). In making the determination as to factual

questions, an appellate court does not reweigh the evidence or resolve conflicts in the evidence, but, rather, recognizes the trial court as the finder of fact and takes into consideration that it observed the witnesses. *State v. Tucker*, 257 Neb. 496, 598 N.W.2d 742 (1999).

## ANALYSIS

### VALIDITY OF ARREST WARRANT

■ The State's first assignment of error addresses the Court of Appeals' determination that the arrest warrant should have been supported by an affidavit establishing probable cause. This determination is critical, because it is undisputed that the search of Davidson took place without a search warrant. If police have acted without a search warrant, the State has the burden to prove that the search was conducted under circumstances substantiating the reasonableness of such search or seizure. *State v. Childs*, 242 Neb. 426, 495 N.W.2d 475 (1993); *State v. Vermuele*, 241 Neb. 923, 492 N.W.2d 24 (1992). In this case, the warrantless search is valid only if made incidental to a lawful arrest. See *State v. Buckman*, 259 Neb. 924, 613 N.W.2d 463 (2000).

■ The validity of the arrest warrant turns on whether the county court had probable cause to issue the warrant pursuant to which Davidson was arrested. See, U.S. Const. amend. IV; Neb. Const. art. I, § 7. Generally, in determining whether probable cause exists for the issuance of an arrest warrant, the issuing magistrate is to make a commonsense decision whether, given the totality of the circumstances set forth in the affidavit before him or her, including the veracity and basis of knowledge of the persons supplying the hearsay information, there is a fair probability the defendant was implicated in the crime. *State v. Tucker, supra*; *State v. Cortis*, 237 Neb. 97, 465 N.W.2d 132 (1991).

Here, however, there is no affidavit supplying probable cause. In most instances, the lack of a sufficient affidavit or other supporting document establishing probable cause means that the warrant is invalid. See, generally, *Illinois v. Gates*, 462 U.S. 213, 103 S. Ct. 2317, 76 L. Ed. 2d 527 (1983); *State v. Johnson*, 256 Neb. 133, 589 N.W.2d 108 (1999). The State argues that the information establishing probable cause can be found in the warrant itself, which provides, in relevant part:

On March 13, 1998, this defendant was convicted and sentenced to pay judgment(s) and costs of $61.64. The full amount has not been paid, leaving a balance due of . [sic] The defendant requested an extension of time to pay the judgment(s) and costs, and was ordered to pay in full on or before April 15, 1998, or appear before this court to show cause why he/she should not be committed to jail for non-payment of judgment(s) and costs as ordered.

The defendant has failed to pay the judgment(s) and costs and further has failed to show cause why he/she should not be committed to jail for non-payment of judgment(s) and costs as ordered.

It is ordered that you immediately arrest the defendant and comply with one of the following:

1. Defendant may be released upon payment . . . .

2. Deliver the defendant to the jailer of Hall County to stand committed to the Hall County Jail to serve his/her judgment(s) and costs at the rate provided by law.

The warrant bears the signature of the county court judge. The State argues, in essence, that the failure to pay a fine or to appear in court is a violation, the commission of which is within the personal knowledge of the court. Since the information establishing probable cause is already in the possession of the court, the State asserts that no affidavit is required. Davidson argues, on the other hand, that because there was no proof that the county court judge had "personal knowledge" of his alleged nonpayment or failure to appear to show cause, the federal and state Constitutions require the county court to have a sworn statement of probable cause in order to issue the arrest warrant. Both Davidson and the State are partially correct; thus, we granted further review in this case to clarify the circumstances under which a county judge may issue an arrest warrant based on personal knowledge.

The Court of Appeals acknowledged, as do we, that other jurisdictions have recognized that the lack of an affidavit may be overcome by other competent evidence in the record upon which the validity of the warrant may be judged. For example, if the face of the warrant reflects the fact that it was issued based upon the personal knowledge of the issuing magistrate or judge or has

a complaint attached which sets forth in sworn form the facts upon which the allegation of the defendant's failure to appear is based, the warrant's validity may be judged without an available affidavit. See, e.g., *McGrain v. Daugherty*, 273 U.S. 135, 157, 47 S. Ct. 319, 71 L. Ed. 580 (1927) (courts "may order commitments without other proof than their own knowledge of the occurrence"); *State v. Noble*, 314 Or. 624, 842 P.2d 780 (1992); *Kosanda v. State*, 727 S.W.2d 783 (Tex. App. 1987) (affidavit not required if facts supporting probable cause occur in presence of court).

■ The "personal knowledge" exception to the affidavit requirement recognizes the commonsense notion that there is no point in a judge executing an affidavit when that judge has personal knowledge of facts establishing probable cause. See *State v. Pinela*, 113 N.M. 627, 830 P.2d 179 (N.M. App. 1992). See, also, *United States v. Evans*, 574 F.2d 352, 355 (6th Cir. 1978) (stating that "when an accused person or a subpoenaed witness fails to appear in court, the judge will issue a bench warrant ordering that person arrested and brought before the court" and that "[s]uch warrants are clearly valid and based on probable cause"). Accord, *U.S. v. Bigalk*, 175 F.R.D. 628 (W.D. Mo. 1997); *People v. Allibalogun*, 312 Ill. App. 3d 515, 727 N.E.2d 633, 245 Ill. Dec. 186 (2000).

We agree with the majority of courts that have established a personal knowledge exception to the affidavit requirement. It would be unreasonable to conclude that a court, acting under the solemn obligation of its oath of office, would nonetheless be required to affirm by separate affidavit events that took place in its presence. To require the production of a separate affidavit, where the evidence supporting a finding of probable cause is personally known to the court and can be set forth in the warrant itself, would accomplish nothing other than to elevate form over substance.

We furthermore conclude that the personal knowledge exception should encompass a situation in which the issuing judge personally reviews the records of the court.

> The number and type of records kept, and the virtually universal use of computers to record vast quantities of information in our society, make it unrealistic to require a

witness to have personally observed each aspect of a transaction if he is familiar with the method the organization routinely uses to compile and record such data.

*State v. Pinela*, 113 N.M. at 629, 830 P.2d at 181. This logic is particularly pertinent where the court supervises the personnel who enter the data into the records of the court and, as here, the evidence establishing probable cause is contained entirely within the court records. The failure to pay a fine, for instance, is evidenced solely by the court records establishing that a fine was ordered and that the fine remains unpaid. Under such circumstances, the judge is as capable as any employee of the court of reviewing the court records and acting upon the personal knowledge obtained from that review.

We therefore hold that a court may issue an arrest warrant without a supporting affidavit where the facts supporting probable cause for the issuance of the warrant are within the personal knowledge of the court. The personal knowledge of the court, for these purposes, includes events that have taken place in the physical presence of the court and facts that are contained in the official records of the court. In order for such a warrant to be valid, however, the face of the warrant must (1) set forth the facts giving rise to probable cause for the issuance of the warrant and (2) affirmatively state that the issuing judge either (a) personally witnessed the events recited in the warrant or (b) personally reviewed the official records of the court, thus ensuring that the validity of the data in the court records is adequately scrutinized by the issuing judge or magistrate.

Applying this holding to the facts, we conclude that the warrant in the instant case does not meet the requirements of the personal knowledge exception to the affidavit requirement. The warrant simply recites that Davidson failed to pay a fine or to appear in court to show good cause why he should not be jailed for failing to pay the fine. The warrant does not show on its face how the issuing judge became aware that Davidson had not paid the fine or appeared in court. Thus, the Court of Appeals correctly determined that based on this record, the warrant did not fall within the personal knowledge exception to the affidavit requirement and that the warrant was not validly issued. The State's first assignment of error is without merit.

GOOD FAITH EXCEPTION

The State's second and third assignments of error relate to the "good faith" exception to the exclusionary rule. Even though the arrest warrant was invalid, the search incident to arrest need not result in exclusion of the challenged evidence if the arresting officers relied in good faith on the warrant. The exclusionary rule is inapplicable to evidence obtained pursuant to an invalid warrant upon which police officers acted in objectively reasonable good faith reliance. *State v. Edmonson*, 257 Neb. 468, 598 N.W.2d 450 (1999), citing *United States v. Leon*, 468 U.S. 897, 104 S. Ct. 3405, 82 L. Ed. 2d 677 (1984). Suppression of evidence should be ordered only in those cases in which exclusion will further the purposes of the exclusionary rule. *Id.*

> "First, the exclusionary rule is designed to deter police mis-conduct rather than to punish the errors of judges and magistrates. Second, there exists no evidence suggesting that judges and magistrates are inclined to ignore or subvert the Fourth Amendment or that lawlessness among these actors requires application of the extreme sanction of exclusion.
>
> "Third, and most important, we discern no basis, and are offered none, for believing that exclusion of evidence seized pursuant to a warrant will have a significant deterrent effect on the issuing judge or magistrate."

*Id.* at 479, 598 N.W.2d at 459, quoting *United States v. Leon, supra.*

Suppression remains an appropriate remedy if (1) the magistrate or judge in issuing a warrant was misled by information in an affidavit that the affiant knew was false or would have known was false except for his or her reckless disregard of the truth; (2) the issuing magistrate wholly abandoned his or her judicial role in the manner condemned in *Lo-Ji Sales, Inc. v. New York*, 442 U.S. 319, 99 S. Ct. 2319, 60 L. Ed. 2d 920 (1979); (3) the warrant is based on an affidavit so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable; or (4) the warrant is so facially deficient that the executing officer cannot reasonably presume it to be valid. See *State v. Edmonson, supra.* If none of the aforementioned circumstances exist, the evidence should not be suppressed. *Id.*

 In assessing the good faith of an officer's conducting a search pursuant to a warrant, an appellate court must look to the totality of the circumstances surrounding the issuance of the warrant, including information not contained within the four corners of the affidavit. *Id.* When evaluating whether the warrant was based on an affidavit so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable, an appellate court should address whether the officer, considered as a police officer with a reasonable knowledge of what the law prohibits, acted in objectively reasonable good faith in relying on the warrant. *Id.*

 The Court of Appeals, in reaching its conclusion that the good faith exception did not apply, relied upon this court's decision in *State v. Reeder*, 249 Neb. 207, 543 N.W.2d 429 (1996), for the proposition that the test for reasonable reliance was whether the affidavit was sufficient to create disagreement among thoughtful and reasonable judges as to the existence of probable cause. See *State v. Davidson*, 9 Neb. App. 9, 607 N.W.2d 221 (2000). This court's decision in *State v. Edmonson, supra,* expressly overruled *State v. Parmar*, 231 Neb. 687, 437 N.W.2d 503 (1989), on that point; and in so doing, implicitly overruled *State v. Johnson*, 256 Neb. 133, 589 N.W.2d 108 (1999); *State v. Reeder, supra*; and *State v. Wyatt*, 6 Neb. App. 586, 575 N.W.2d 411 (1998). The State's second assignment of error therefore has merit. In order to dispose of this appeal, however, it is necessary to consider whether the good faith exception is properly applied to these circumstances.

In *Arizona v. Evans*, 514 U.S. 1, 115 S. Ct. 1185, 131 L. Ed. 2d 34 (1995), the U.S. Supreme Court applied a good faith analysis to a search incident to arrest, where the arrest warrant was invalid. In that case, an officer making a routine traffic stop conducted a computer inquiry and discovered an outstanding arrest warrant for the car's driver. *Id.* The officer placed the suspect under arrest, at which time a marijuana cigarette was discovered on the suspect and a bag of marijuana was discovered under the passenger's seat. *Id.*

After the police notified the Arizona trial court of the apprehension, it was discovered that the outstanding warrant had actually been quashed, but due to a clerical error, the warrant

had not been removed from the sheriff's office records. *Id.* Whether the error was committed by the court or the sheriff's office could not be determined. *Id.* After he was charged, the defendant moved to have the marijuana suppressed as the fruits of an illegal arrest. *Id.* On appeal, the Court applied the *Leon* good faith analysis and determined that the search was valid because the officer relied in good faith on the information that a warrant was outstanding. *Id.*

It seems clear that if an officer can rely in good faith on a warrant that had been quashed, the officer in this case could rely on the warrant issued by the county court. In this case, the record from the hearing on the motion to suppress contains the testimony of Investigator David Waskowiak, one of the police officers who made the arrest, regarding the circumstances leading up to the arrest. Waskowiak testified:

A. I was present with Investigator Bergmark, also of the Hall County Sheriff's Department. We were in an unmarked patrol unit in the downtown business district of Grand Island.

Q. Okay. What occurred at that time?

A. Approximately at that time we received a call from the Grand Island Emergency Center advising us that they had received information that Richard Davidson was present at Bud's Bar. Investigator Bergmark and myself had prior knowledge that there was an active arrest warrant for Mr. Davidson.

. . . .

Q. Showing you what's been marked as Exhibit No. 1, can you tell us what this is?

A. This is a certified copy of the arrest warrant which we were advised was for Richard Davidson.

Q. Okay. Is this the same one that you were to serve on him that date?

A. Yes.

Q. And had you seen a copy of this prior to the time you went to serve this on him?

A. Yes, we did.

Subsequently, Waskowiak and the other investigator went to the bar and arrested Davidson, as set forth earlier in the opinion.

Waskowiak's testimony supports the conclusion that he and the other investigator acted upon a warrant that they believed, in good faith, to be valid and enforceable.

In this instance, there is no evidence, and Davidson does not argue, that the county court was misled prior to issuing the arrest warrant. Davidson argues instead that the judge, by issuing a warrant based on personal knowledge, abandoned his judicial role in the manner condemned by *Lo-Ji Sales, Inc. v. New York,* 442 U.S. 319, 99 S. Ct. 2319, 60 L. Ed. 2d 920 (1979). This argument is without merit. In *Lo-Ji Sales, Inc. v. New York,* the judge accompanied the police on a search; "allowed himself to become a member, if not the leader, of the search party which was essentially a police operation"; and acted not "as a judicial officer but as an adjunct law enforcement officer." 442 U.S. at 327.

The record in the instant case reveals that the county court judge engaged in no conduct comparable to that in *Lo-Ji Sales, Inc. v. New York, supra,* but, rather, that the judge endeavored to perform his judicial function by issuing a bench warrant for Davidson's failure to pay his fine or to appear in court. The county court judge did not abandon his "neutral and detached" function in this case. See *United States v. Leon,* 468 U.S. 897, 104 S. Ct. 3405, 82 L. Ed. 2d 677 (1984).

We have stated that courts have the inherent power to do those things reasonably necessary for the administration of justice in the exercise of their jurisdiction, that courts are charged with the duty of guarding their proceedings against everything which interferes with the orderly administration of justice, and that the power to punish for violation of its orders or judgments is inherent in every court having common-law jurisdiction. See, *Kovarik v. County of Banner,* 192 Neb. 816, 224 N.W.2d 761 (1975); *McCauley v. State,* 124 Neb. 102, 245 N.W. 269 (1932); *Kregel v. Bartling,* 23 Neb. 848, 37 N.W. 668 (1888). We have further noted that the power to punish for contempt is incident to every judicial tribune, derived from its very constitution, without any expressed statutory aid and inherent in all courts of record. *Tyler v. Heywood,* 258 Neb. 901, 607 N.W.2d 186 (2000).

When these established principles are considered, it is clear that the county court did not abandon its judicial role, but was

instead acting well within the scope of that role in seeking to compel Davidson to comply with its lawful orders. That the "judicial role" encompasses the court's duty to ensure compliance with its lawful orders cannot be reasonably questioned. There is no evidence, nor any argument, to suggest that the performance of such a function, and a determination regarding the straightforward questions whether a fine has been paid or an appearance made as ordered, compromises the neutrality or detachment of the court. See *Atkins v. State*, 984 S.W.2d 780 (Tex. App. 1999).

Davidson further argues that since there was no affidavit supporting the arrest warrant, it lacked indicia of probable cause and was facially deficient, such that it was entirely unreasonable for the executing officers to rely on it. See *United States v. Leon, supra.* Ordinarily, however, an officer cannot be expected to question the magistrate's judgment that the form of the warrant is technically sufficient. See *State v. Edmonson*, 257 Neb. 468, 598 N.W.2d 450 (1999), citing *United States v. Leon, supra.* Considering the content of the warrant and the testimony of Waskowiak, we determine that there was no bad faith in relying on the warrant. The issue of exclusion is separate from whether the Fourth Amendment has been violated, and exclusion of evidence is appropriate only if the remedial objectives of the exclusionary rule are thought to be most efficaciously served. See *Arizona v. Evans*, 514 U.S. 1, 115 S. Ct. 1185, 131 L. Ed. 2d 34 (1995). The remedial objective of deterring police misconduct is not served by excluding evidence where the error was that of the magistrate. See *id.*

It may be that after our exposition of the law in this opinion, an arresting officer might in the future be required to evaluate whether the face of the warrant meets the requirements set forth above. In the absence of such precedent to guide the police under these circumstances, however, we determine that there was no bad faith and, thus, that the evidence was properly not excluded at trial.

## CONCLUSION

We conclude that the requirements of the personal knowledge exception are not met in the instant case and that the arrest war-

rant issued for Davidson was invalid. We also conclude, however, that the arresting officers relied in good faith on the arrest warrant issued by the county court. Thus, even though the warrant for Davidson's arrest was invalid, the fruits of the search incident to Davidson's arrest were properly not excluded from evidence. Therefore, the judgment of the Court of Appeals is reversed, and the cause is remanded to that court with directions to affirm the judgment of the district court.

REVERSED AND REMANDED WITH DIRECTIONS.