758 N.W.2d 405 (2008)
276 Neb. 901
STATE of Nebraska, Appellee,
v.
Marvin R. WENKE, Appellant.
No. S-07-1036.
Supreme Court of Nebraska.
December 12, 2008.
*407 Ronald E. Temple, of Fitzgerald, Vetter & Temple, Norfolk, for appellant.
Jon Bruning, Attorney General and Erin E. Leuenberger, Lincoln, for appellee.
HEAVICAN, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.
STEPHAN, J.
The issue in this case is whether Marvin R. Wenke was lawfully arrested for nonpayment of fines, thereby justifying a warrantless search of his person incident to the arrest.

BACKGROUND
In December 2004, Wenke was cited in Holt County for operating a motor vehicle without a valid license. He pled guilty and was sentenced to pay a fine and court costs totaling $91.50. After paying $25.50, Wenke applied for and was granted an extension of time to pay the remaining $66. In the extension agreement, he agreed to pay in full by January 26, 2005. The agreement provided that if the judgment was not paid by that date, Wenke would be required to appear before the county court "to show cause why [he] should not be committed to jail and/or fined for contempt for non-payment of judgment."
On January 27, 2005, the Holt County Court mailed written notice to Wenke that he had failed to pay the amount due. The notice required him to either pay the fine immediately or appear before the court on February 9. The notice stated that failure to comply with its provisions could result *408 in a warrant being issued for Wenke's arrest.
On February 10, 2005, the county court issued a "Warrant/Order of Commitment" directed to the Holt County sheriff or any duly authorized law enforcement officer. This document stated that Wenke had failed to pay the judgment and costs or show cause why he should not be committed to jail for failing to make payment as ordered. The document further stated:
[Wenke] shall be allowed to pay all judgments for fines and costs set out below. [Wenke] shall be released from custody upon payment of the same, PLUS the cost of service of this warrant. Upon failure to make payment of the fines and costs [Wenke] shall be delivered to the jailer of Holt County to stand committed to serve [his] judgment(s) and costs at the rate provided by law.
On February 12, 2005, Officer Mike Parks of the O'Neill Police Department was dispatched to a local bar to investigate a report of minors consuming alcohol. Parks, who had issued the December 2004 citation to Wenke, observed him in the bar and recalled seeing a copy of the warrant described above at the police station. Parks understood the document to be "a warrant for ... Wenke's arrest" for "[f]ailing to make payment on fines and costs in the County Court of Holt County." Parks asked Wenke to step outside with him, and Wenke complied. Outside the bar, Parks informed Wenke of the warrant, told him that he was under arrest, and placed him in handcuffs. Parks did not give Wenke an opportunity to pay the fine prior to arresting him, because, in Parks' words, "I don't collect money; I arrest people." His standard procedure when arresting someone on a warrant for nonpayment of fines is to transport the person to the county jail, where payment of the fine can be made.
Immediately after arresting Wenke, Parks conducted a search of his person. Inside a cigarette box which he removed from Wenke's trouser pocket, Parks found a small straw containing a substance later confirmed to be methamphetamine. Wenke was subsequently charged by information with one count of possession of a controlled substance, methamphetamine, a Class IV felony.[1] He filed a motion to suppress the evidence seized by Parks during the search of his person.
After conducting an evidentiary hearing, the district court denied the motion. In its order, the court noted that Wenke "does not argue the court lacked authority to issue the warrant or that the warrant itself was invalid.... [Wenke] argues the officer should have given [him] the opportunity to refuse to make payment before he was arrested." The court found this argument to be without merit, because Wenke had already been given ample opportunity to pay or show cause why he did not pay the fine before the warrant was issued.
Wenke was convicted after a bench trial, sentenced to imprisonment for 60 days, and fined $250 plus court costs. His appeal was dismissed due to his lawyer's failure to file a brief. Wenke was granted a new direct appeal in a postconviction proceeding, and execution of the sentence was stayed pending appeal. This appeal was then timely filed. We moved the case to our docket pursuant to our statutory authority to regulate the caseloads of the appellate courts of this state.[2]

ASSIGNMENT OF ERROR
Wenke's sole assignment of error is that the trial court erred in overruling his motion to suppress.

*409 STANDARD OF REVIEW
[1] In considering a trial court's ruling on a motion to suppress evidence obtained by a search, we first determine whether the search was illegal. If so, we must determine whether the evidence that the defendant seeks to suppress is sufficiently attenuated from the illegal search.[3]
[2] We will uphold the trial court's ruling on a motion to suppress unless the trial court's findings of fact are clearly erroneous. In making this determination, we do not reweigh the evidence or resolve conflicts in the evidence, but, rather, recognize the trial court as the finder of fact and consider that the trial court observed the witnesses testifying in regard to such motions.[4]
[3] In reviewing a trial court's ruling on a motion to suppress, we review the ultimate determination of probable cause de novo and review the findings of fact made by the trial court for clear error, giving due weight to the inferences drawn from those facts by the trial court.[5]

ANALYSIS
[4-7] Parks did not have a warrant authorizing a search of Wenke's person. Warrantless searches and seizures are per se unreasonable under the Fourth Amendment, subject only to a few specifically established and well-delineated exceptions, which must be strictly confined by their justifications.[6] One such exception is a search incident to a lawful arrest.[7] The validity of a search incident to a lawful arrest depends on the legality of the arrest itself.[8] Where an arrest is pursuant to a warrant, as in this case, the validity of the arrest turns on whether the county court had probable cause to issue the arrest warrant.[9]
On its face, the warrant pursuant to which Wenke was arrested affirmatively states facts giving rise to probable cause based upon the issuing judge's personal review of the court file. This is sufficient to establish probable cause.[10] Wenke does not contest this, but nevertheless argues that he was not lawfully arrested. His reasoning for this assertion has evolved. In the district court, he contended that Parks was required to give him an opportunity to pay the judgment before arresting him. The district court rejected this argument in overruling Wenke's motion to suppress. On appeal, he argues as "a matter of first impression" that pursuant to Neb.Rev.Stat. § 29-2206.01 (Reissue 1995), the document titled "Warrant/Order of Commitment"
was not an "arrest warrant" which authorized the "arrest" of [Wenke] but was... simply an Order issued by the County Court to authorize the limited seizure of [Wenke] for the purpose of having [him] either pay the fine and costs, including *410 the service of the document, or be committed to jail to serve his Judgment by "sitting it out."[11]
We find neither argument persuasive. Neb.Rev.Stat. § 29-2206(1) (Reissue 1995) allows courts imposing fines and costs to require that "the party stand committed and be imprisoned in the jail of the proper county until the same is paid or secured to be paid or the defendant is otherwise discharged according to law." Section 29-2206(2) provides that notwithstanding this power, a court may allow an offender to pay fines and costs in installments if a showing is made that the offender is unable to make payment in a lump sum. Section 29-2206.01 provides that a person who does not make installment payments when ordered to do so "shall be liable for punishment for contempt, unless he has the leave of the court in regard to such noncompliance." Pursuant to these statutes, Wenke was permitted to pay his fine and costs over time. The agreement which he signed specifically provided that the balance was to be paid by January 26, 2005, and that if it was not paid, he was to appear at 8:30 a.m. on that date "to show cause why [he] should not be committed to jail and/or fined for contempt for nonpayment of judgment." Wenke neither paid his judgment nor appeared on the appointed date to show cause for nonpayment.
It was after Wenke's failure to comply with the terms of the extension agreement that the court issued the warrant/order of commitment. In State v. Davidson,[12] we recognized the power of a court to issue an arrest warrant in these circumstances. The warrant in that case ordered that the defendant be "`immediately arrest[ed]'" and provided that he could be released upon payment of the fine and costs, but otherwise he should be committed to the county jail "`to serve [his] judgment(s) and costs at the rate provided by law.'"[13] The warrant in Wenke's case differs only in that it does not specifically command "immediate arrest." But within its four corners, it clearly requires a series of events in which Wenke would first be taken into custody, then be given an opportunity to pay fines and costs due and "released from custody upon payment of the same," but committed to jail if payment was not made. Clearly, Wenke could not be "released from custody" upon payment of the fine and costs, as the warrant requires, without first being placed in custody, i.e., arrested. Wenke acknowledges that the warrant authorized a "limited seizure" of his person,[14] but offers no explanation of how this would differ from an "arrest," which involves "`the taking, seizing, or detaining of the person of another'" under "`real or pretended legal authority.'"[15]
We conclude that the warrant/order of commitment issued by the county court was a valid arrest warrant, that Wenke was lawfully arrested pursuant to such warrant, and that the warrantless search disclosing contraband in his possession was constitutionally permissible as a search incident to a lawful arrest. Accordingly, the district court did not err in overruling Wenke's motion to suppress and receiving as evidence the methamphetamine *411 found in his possession. We affirm Wenke's conviction and sentence.
AFFIRMED.
NOTES
[1] See Neb.Rev.Stat. § 28-416(3) (Cum.Supp. 2006).
[2] See Neb.Rev.Stat. § 24-1106(3) (Reissue 1995).
[3] State v. Ball, 271 Neb. 140, 710 N.W.2d 592 (2006).
[4] Id.
[5] Id.
[6] State v. Gorup, 275 Neb. 280, 745 N.W.2d 912 (2008); State v. Eberly, 271 Neb. 893, 716 N.W.2d 671 (2006).
[7] Id.
[8] State v. Roberts, 261 Neb. 403, 623 N.W.2d 298 (2001).
[9] See, U.S. Const. amend. IV; Neb. Const. art. I, § 7; State v. Davidson, 260 Neb. 417, 618 N.W.2d 418 (2000).
[10] See State v. Davidson, supra note 9.
[11] Brief for appellant at 9.
[12] State v. Davidson, supra note 9.
[13] Id. at 423, 618 N.W.2d at 424.
[14] Brief for appellant at 9.
[15] See State v. White, 209 Neb. 218, 220-21, 306 N.W.2d 906, 909 (1981). Accord State v. Ellingson, 13 Neb.App. 931, 703 N.W.2d 273 (2005).