IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**

STATE V. NEMEIKSIS

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

STATE OF NEBRASKA, APPELLEE,

V.

CASSANDRA R. NEMEIKSIS, APPELLANT.

Filed April 17, 2018.    No. A-17-962.

Appeal from the District Court for Lancaster County: DARLA S. IDEUS, Judge. Affirmed.

Joy Shiffermiller, of Shiffermiller Law Office, P.C., L.L.O., for appellant.

Douglas J. Peterson, Attorney General, and Melissa R. Vincent for appellee.

MOORE, Chief Judge, and RIEDMANN and ARTERBURN, Judges.

MOORE, Chief Judge.

## INTRODUCTION

Cassandra R. Nemeiksis appeals from her plea-based conviction in the district court for Lancaster County for delivery or possession with intent to deliver methamphetamine. On appeal, she asserts only that she received ineffective assistance of counsel. For the reasons set forth herein, we affirm.

## BACKGROUND

The State filed a criminal complaint in the county court for Lancaster County on May 6, 2016, charging Nemeiksis with possession with intent to deliver methamphetamine, 28 to 139 grams, in violation of Neb. Rev. Stat. 28-416(10)(b) (Reissue 2016), a Class IC felony. Following a preliminary hearing, the case was bound over to district court. On September 1, the State filed an information in the district court charging Nemeiksis with the same offense alleged in the complaint.

On January 19, 2017, Nemeiksis filed a motion to suppress all evidence gathered as a result of the stop of the vehicle, the seizure of her person, and her arrest. A hearing on the motion was scheduled for May 2.

At a hearing on April 12, 2017, Nemeiksis appeared with counsel before the district court and waived her rights to a speedy trial and to a jury trial in three separate cases--this case and two other cases (both of which involved Class IV felony charges). The court accepted Nemeiksis' waivers in all three cases. Nemeiksis' attorney also asked the court to set the present case "for entry of plea in about six weeks," which the court did, and informed the court that Nemeiksis would be withdrawing her motion to suppress.

On June 5, 2017, a plea hearing was held before the district court. Nemeiksis appeared with counsel. The parties advised the court that the State would file an amended information, charging Nemeiksis with delivery or possession with intent to deliver methamphetamine, a reduction of the original charge to a Class II felony based on drug quantity. In exchange for Nemeiksis' plea of guilty or no contest to the amended information, the State would then dismiss the other two pending cases against her. Nemeiksis was arraigned on the amended information, and she indicated her understanding of the charge and the possible penalties. The court accepted Nemeiksis' waiver of a preliminary hearing.

Nemeiksis pled no contest to the charge of the amended information. The district court advised her of the rights she would be waiving by entering her plea, and Nemeiksis indicated her understanding and voluntary waiver of those rights. The court also discussed the consequences of her plea, including further advisement of the possible penalties, and Nemeiksis again indicated her understanding. The court then asked Nemeiksis whether she had discussed with her attorney the charge, the possible defenses, what the State would need to prove in order to convict her, whether she had told her attorney everything she knew about the case, and whether she was satisfied with her attorney's performance. Nemeiksis responded affirmatively to the court's inquiries.

The State provided the following factual basis for Nemeiksis' plea:

On or about May 4, 2016, [a trooper] with the Nebraska State Patrol observed a vehicle operating with no front license plate. A traffic stop was conducted and the passenger of the vehicle was identified as Cassand[ra] Nemeiksis, the defendant before the court, and she was taken into custody pursuant to a warrant not related to this offense. And the driver was also taken into custody.

An inventory search of the vehicle was conducted and a purse was located on the passenger seat. Inside of the purse the trooper located a candy box containing a plastic baggy containing methamphetamine. Through the course of the investigation it was unclear who the purse belonged to, ultimately the driver of the vehicle did . . . state that the purse contained items belonging to both of them and they shared the purse.

That the substance was sent to the Nebraska State Patrol Crime Laboratory and the report generated August 4, 2016, confirmed that the baggy did in fact contain methamphetamine and was weighed and tested for purity and did show 54 grams of methamphetamine actual in that and that based on trooper's training and experience, believed that to be beyond personal use and that amount that of a dealer amount.

All these events occurred in Lancaster County, State of Nebraska.

The district court then accepted Nemeiksis' plea and found her guilty of the charge set forth in the amended information.

Following a sentencing hearing on August 16, 2017, the district court sentenced Nemeiksis to imprisonment for a period of 4 to 6 years to run consecutive to any other sentence she was currently serving. The court gave Nemeiksis credit for 2 days of time served.

## ASSIGNMENTS OF ERROR

Nemeiksis asserts, restated, that she received ineffective assistance of counsel as her counsel was ineffective in (1) failing to follow through with the motion to suppress which she filed, (2) failing to file a plea in abatement because there was insufficient evidence that Nemeiksis was in possession of the controlled substance, and (3) counseling Nemeiksis to enter a plea.

## STANDARD OF REVIEW

Whether a claim of ineffective assistance of trial counsel may be determined on direct appeal is a question of law. *State v. Lane*, 299 Neb. 170, 907 N.W.2d 737 (2018). In reviewing claims of ineffective assistance of counsel on direct appeal, an appellate court decides only whether the undisputed facts contained within the record are sufficient to conclusively determine whether counsel did or did not provide effective assistance and whether the defendant was or was not prejudiced by counsel's alleged deficient performance. *Id.*

## ANALYSIS

The fact that an ineffective assistance of counsel claim is raised on direct appeal does not necessarily mean that it can be resolved. *State v. Lane, supra.* The determining factor is whether the record is sufficient to adequately review the question. *Id.* An ineffective assistance of counsel claim will not be addressed on direct appeal if it requires an evidentiary hearing. *State v. Nolt*, 298 Neb. 910, 906 N.W.2d 309 (2018). We conclude that the record is sufficient to address all of Nemeiksis' ineffective assistance claims.

To prevail on a claim of ineffective assistance of counsel, the defendant must show that his or her counsel's performance was deficient and that this deficient performance actually prejudiced the defendant's defense. *State v. Glass*, 298 Neb. 598, 905 N.W.2d 265 (2018). The two prongs of the test governing a claim of ineffective assistance of counsel, deficient performance and prejudice, may be addressed in either order. *State v. Alarcon-Chavez*, 295 Neb. 1014, 893 N.W.2d 706 (2017). The entire ineffectiveness analysis is viewed with a strong presumption that counsel's actions were reasonable. *Id.*

In a plea context, deficiency depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases. *State v. Haynes*, 299 Neb. 249, 908 N.W.2d 40 (2018). The prejudice requirement in a plea context is satisfied if the defendant shows a reasonable probability that but for the errors of counsel, the defendant would have insisted on going to trial rather than pleading guilty. *Id.* In determining the prejudice component of alleged ineffective assistance of counsel in a plea context, the likelihood of the defense's success had the defendant gone to trial should be considered along with other factors, such as the likely penalties

the defendant would have faced if convicted at trial, the relative benefit of the plea bargain, and the strength of the State's case. *Id.*

Nemeiksis argues that her trial counsel should have proceeded with the motion to suppress, should have filed a plea in abatement, and should not have counseled Nemeiksis to enter a plea prior to seeking these remedies. She argues that her attorney's performance was deficient and that she was prejudiced by that deficient performance.

Specifically, with respect to the motion to suppress, Nemeiksis argues that the motion had merit and that if her trial counsel had proceeded with the motion, she would have gone to trial or the charges against her would have been dismissed. Nemeiksis argues that the motion to suppress "was colorable, given the officer's interrogation without [*Miranda*] and his search of the purse and the evidence suppressed is of high merit to the government's case." Brief for appellant at 17.

Our review of the undisputed facts in the record conclusively show that Nemeiksis' motion to suppress would not have succeeded. The officer properly stopped the driver's vehicle for operating without a front license plate. See *State v. Richardson*, 17 Neb. App. 388, 763 N.W.2d 420 (2008) (traffic violation with respect to display of front license plate gave officer probable cause to stop vehicle). Nemeiksis then was arrested pursuant to a warrant, and she does not allege facts showing the warrant was issued without probable cause. See *State v. Wenke*, 276 Neb. 901, 758 N.W.2d 405 (2008) (where arrest is pursuant to warrant, validity of arrest turns on whether court had probable cause to issue arrest warrant).

The record shows that Nemeiksis withdrew her motion to suppress at least in part to secure the benefits of the generous plea agreement, which reduced the charge to which she pled in this case, eliminating a potential 5-year mandatory minimum sentence, and which resulted in the dismissal of two other cases involving Class IV felony charges. See Neb. Rev. Stat. § 28-105 (Supp. 2017). She does not assert that the State's plea offer would have still been available to her had she first pursued disposition of her motion to suppress. The record at the plea hearing reflects her understanding that by pleading no contest she was waiving her right to "a separate hearing" to have the court determine whether any evidence taken from her by law enforcement was taken lawfully and her affirmative waiver of that right. See *State v. McLeod*, 274 Neb. 566, 741 N.W.2d 664 (2007) (finding no ineffective assistance where defendant advised during plea hearing that right to obtain disposition of pending suppression motion would be waived and defendant affirmatively accepted plea agreement with that knowledge). Nemeiksis cannot show that she was prejudiced by her trial counsel's failure to proceed with the motion to suppress. Her arguments to the contrary are without merit.

Next, Nemeiksis argues that her trial counsel should have filed a plea in abatement. Specifically, she argues that her trial counsel failed to contest the county court's determination at the preliminary hearing before the case was bound over to district court that she was in possession of the methamphetamine recovered during the traffic stop. She argues that there was no evidence that she constructively possessed the drugs and that the case would not have proceeded if her trial counsel had filed a plea in abatement.

The purpose of a preliminary hearing is to ascertain whether a crime was committed and whether there is probable cause to believe the accused committed it. *State v. Nesbitt*, 264 Neb. 612, 650 N.W.2d 766 (2002). A plea in abatement is used to challenge the sufficiency of the evidence

- 4 -

at a preliminary hearing; to resist a challenge by a plea in abatement, the evidence received need show only that a crime was committed and that there is probable cause to believe that the accused committed it. See *State v. Lasu*, 278 Neb. 180, 768 N.W.2d 447 (2009). The test at a preliminary hearing is not whether guilt is established beyond a reasonable doubt, but, rather, whether evidence is adduced that shows a crime was committed and that there is probable cause to believe that the accused committed the crime. *State v. Rossbach*, 264 Neb. 563, 650 N.W.2d 242 (2002). Any error in ruling on a plea in abatement is cured by a subsequent finding at trial of guilt beyond a reasonable doubt which is supported by sufficient evidence. *State v. Green*, 287 Neb. 212, 842 N.W.2d 74 (2014).

In this case, a plea in abatement was not filed, but any inadequacy in the evidence presented at the preliminary hearing before the case was bound over from county court to district court was cured by the district court's subsequent finding of a sufficient factual basis to support a finding beyond a reasonable doubt that Nemeiksis was guilty of the crime charged in the amended information. Nemeiksis does not challenge the finding of a sufficient factual basis, and the record nevertheless supports the court's finding. The factual basis provided at the plea hearing shows that Nemeiksis was in joint possession of a distribution quantity of methamphetamine and was thus sufficient to support her plea. See § 28-416. Accordingly, Nemeiksis cannot show that her trial counsel's performance was deficient in failing to file a plea in abatement. Her assertions to the contrary are without merit.

Finally, Nemeiksis asserts that trial counsel was ineffective in counseling her to enter a plea. In support of this assignment of error, she only argues that her attorney should not have counseled her to enter a plea prior to seeking the remedies of a motion to suppress and a plea in abatement. We have already determined that she cannot show that she was prejudiced by her trial counsel's failure to proceed with the motion to suppress or that her trial counsel's performance was deficient in failing to file a plea in abatement. We decline to address this assignment of error further. An appellate court is not obligated to engage in an analysis that is not necessary to adjudicate the case and controversy before it. *State v. Nolt*, 298 Neb. 910, 906 N.W.2d 309 (2018).

## CONCLUSION

Nemeiksis has not shown that she received ineffective assistance of trial counsel. Accordingly, her conviction and sentence are affirmed.

AFFIRMED.