745 N.W.2d 912 (2008)
275 Neb. 280
STATE of Nebraska, Appellee,
v.
Terrence K. GORUP, Appellant.
No. S-07-450.
Supreme Court of Nebraska.
March 21, 2008.
*913 Ann C. Addison-Wageman, Bellevue, for appellant.
Jon Bruning, Attorney General, and George R. Love for appellee.
HEAVICAN, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.
WRIGHT, J.

NATURE OF CASE
Before trial, Terrence K. Gorup moved to suppress evidence of methamphetamine *914 found in his apartment. He alleged that the search of his apartment violated his constitutional rights. The district court overruled his motion. Following a bench trial, Gorup was convicted of possession of a controlled substance, methamphetamine, a Class IV felony. He appeals his conviction and sentence.

SCOPE OF REVIEW
A trial court's ruling on a motion to suppress, apart from determinations of reasonable suspicion to conduct investigatory stops and probable cause to perform warrantless searches, will be upheld unless its findings of fact are clearly erroneous. State v. Mata, 266 Neb. 668, 668 N.W.2d 448 (2003).

FACTS
In July 2006, the Bellevue Police Department conducted an investigation of Gorup, who was suspected of dealing narcotics from his apartment. When it was discovered that Gorup had a warrant outstanding for failure to appear on a previous drug violation, two detectives formulated a plan to go to Gorup's apartment and conduct a "knock-and-talk investigation" with Gorup concerning suspected drug trafficking. Their objective was to obtain Gorup's consent to search his apartment.
On July 31, 2006, the detectives arrived at Gorup's apartment in an unmarked police vehicle. As they approached the apartment, a male was seen leaving. When asked if Gorup was home, the man replied in the affirmative. The man returned to the apartment, opened the door, and informed Gorup that someone was there to see him. Gorup appeared and began to exit the apartment. As he approached the threshold of the doorway, a detective informed Gorup that he was under arrest. At that point, Gorup, who was standing directly outside his apartment door, was placed in handcuffs. He was not transported from the scene immediately because a marked police car was not available.
While standing at the door, a detective noticed a person sitting on a couch inside the apartment. He also observed some blade-edged weapons. Gorup informed the detectives that a couple of people were in the apartment. After waiting for a uniformed officer to arrive, the detectives performed what they described as a "protective sweep" of the apartment. The individuals in the apartment were escorted to the living room. A detective then performed what he described as a "search incident to arrest." In doing so, he searched a "small black zippered-type case" located on a table just inside the doorway, 4 or 5 feet away from Gorup. The case was not zipped shut, and inside, the detective saw "a couple [of] bags" that he recognized from his "training and experience as [being] methamphetamine." He left the bags inside the case on the table.
During this time, Gorup remained in the hallway with his hands cuffed behind his back. It is unknown whether Gorup could observe the detectives' activity. One detective testified that a wall probably would have obstructed Gorup's view of the detectives' activity inside the apartment. Though not specified in the record, the parties stated at oral argument that this activity continued for about 30 minutes.
After this search, one of the detectives directed the uniformed officer to escort Gorup to the marked police car. The same detective followed Gorup to the car, and while Gorup was seated in the police car, the detective requested Gorup's consent to search the apartment. Gorup was informed several times that he did not have to provide his consent. The detective *915 testified that Gorup gave his consent to a search of the apartment.
This subsequent search revealed several items of contraband in addition to the bags of methamphetamine in the black zippered case. After the search, the detective returned to the police car and read Gorup his Miranda rights. The detective told Gorup about the black zippered case. Gorup admitted that he knew of the case but denied that it was his. The detective stated Gorup told him that Gorup had been selling methamphetamine to raise money so he could move from his apartment.
Before trial, Gorup moved to suppress all items of physical evidence seized from his apartment. The district court overruled the motion. The court found that the initial warrantless search of Gorup's apartment was not lawful as a protective sweep and might have been unlawful as a search incident to arrest. It found that the subsequent consent to the search of the apartment was voluntary and therefore served as an adequate basis for the seizure of the "hygiene case" and the contents thereof. It found that although Gorup knew that the detectives had entered his apartment, he did not know whether incriminating evidence had been found when he gave his consent to search the apartment.
After a stipulated bench trial, the district court convicted Gorup of possession of a controlled substance, methamphetamine, and sentenced him to a term of 1 to 3 years' imprisonment, granting him credit for 249 days spent in jail awaiting disposition of this charge.

ASSIGNMENT OF ERROR
Gorup assigns that the district court erred in overruling his motion to suppress and admitting at trial the evidence obtained from the search of his apartment.

ANALYSIS
Gorup asserts that the district court should have granted his motion to suppress based on federal and state constitutional grounds. In essence, he argues that his consent was involuntary and an exploitation of the prior illegal search. He claims he reasonably believed that there was nothing to be gained by denying consent to search his apartment because he had already witnessed the detectives search the apartment prior to asking for his consent.
Warrantless searches and seizures are per se unreasonable under the Fourth Amendment, subject only to a few specifically established and well-delineated exceptions, which must be strictly confined by their justifications. State v. Voichahoske, 271 Neb. 64, 709 N.W.2d 659 (2006). The warrantless search exceptions recognized by this court include: (1) searches undertaken with consent or with probable cause, (2) searches under exigent circumstances, (3) inventory searches, (4) searches of evidence in plain view, and (5) searches incident to a valid arrest. Id.; State v. Roberts, 261 Neb. 403, 623 N.W.2d 298 (2001). In the case of a search and seizure conducted without a warrant, the State has the burden of showing the applicability of one or more of the exceptions to the warrant requirement. Id.
The district court found that the protective sweep of Gorup's apartment was unlawful and that the search incident to a valid arrest might have been unlawful. It concluded, however, that the warrantless search of the black zippered case was lawful under the inevitable discovery doctrine because Gorup's consent was voluntary. The district court reached the issue of the validity of Gorup's consent, but it did not definitively determine whether the search *916 incident to a valid arrest exception applied. If the district court had concluded that the first search was valid, it would not have needed to analyze the validity of Gorup's consent to the subsequent search. For the purposes of our analysis of the validity of the consent, we will infer that the district court found that the search incident to a valid arrest exception did not apply. Thus, the issue presented on appeal is whether Gorup's consent to the subsequent search was valid.
Where a search following an illegal entry is justified based on alleged consent, a court must determine whether that consent was voluntary, and in addition, the court must determine whether the illegal entry tainted that consent. U.S. v. Robeles-Ortega, 348 F.3d 679 (7th Cir.2003). These two questions are not the same, and "`consequently the evidence obtained by the purported consent should be held admissible only if it is determined that the consent was both voluntary and not an exploitation of the prior illegality.'" State v. Lane, 726 N.W.2d 371, 378 (Iowa 2007) (quoting 4 Wayne R. LaFave, Search and Seizure, a Treatise on the Fourth Amendment § 8.2(d) (4th ed.2004)). Therefore, in analyzing this consent to search, there are two issues presented: (1) the voluntariness of the consent under the totality of the circumstances and (2) exploitation under the fruit of the poisonous tree doctrine. See State v. Lane, supra (citing 4 LaFave, supra, § 8.2).
The district court found Gorup's consent was voluntary because the detective had advised Gorup that he could refuse consent and Gorup had not been confronted with any evidence from the prior search. However, the court erred in failing to consider the appropriate factors to determine whether the search was an exploitation of the prior illegality.
Evidence must be excluded as fruit of the poisonous tree if it is discovered by the exploitation of illegal police conduct. See Wong Sun v. United States, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963). The phrase "fruit of the poisonous tree" refers to indirect or secondary evidence obtained as a result of a prior illegality. See Nardone v. United States, 308 U.S. 338, 60 S.Ct. 266, 84 L.Ed. 307 (1939). Under the doctrine, the "fruits" of the prior illegal police conduct are excluded if they were an exploitation of that prior illegality. See, Wong Sun v. United States, supra; State v. Lane, supra. The question is "`whether, granting establishment of the primary illegality, the evidence to which instant objection is made has been come at by exploitation of that illegality or instead by means sufficiently distinguishable to be purged of the primary taint.'" Wong Sun v. United States, 371 U.S. at 488, 83 S.Ct. 407.
The Court in Brown v. Illinois, 422 U.S. 590, 95 S.Ct. 2254, 45 L.Ed.2d 416 (1975), identified the factors to consider in deciding whether the earlier illegal arrest contaminated the defendant's confession: (1) the temporal proximity between the illegal arrest and the confession, (2) the presence of intervening circumstances, and (3) the purpose and flagrancy of the official misconduct. Subsequently, courts have found that a confession is analogous to consent in these circumstances and applied these factors to determine if a consent was an exploitation of a prior illegality. See, U.S. v. Robeles-Ortega, supra; State v. Lane, supra.
In State v. Lane, supra, the court stated that consideration must be given to a variety of factors, including but not limited to those described in Brown v. Illinois, supra. The relevant factors will vary depending upon the facts of a particular case. We point out in summary that the purpose *917 of the above analysis is to determine whether under all the circumstances presented, the consent was obtained by exploitation of the prior illegal search.
The district court should have considered the above factors in determining whether Gorup's consent was obtained by the exploitation of the detectives' prior search. Thus, we remand the cause for consideration of such factors.
We pause here to acknowledge that we have not decided whether the first search was a valid search incident to an arrest and was therefore an exception to the warrant requirement. The district court did not decide that question, and therefore, we also remand the cause for a hearing on the issue whether the search incident to valid arrest exception applied to the first search.

CONCLUSION
Whether the search incident to the arrest was a valid exception to the warrantless search is an issue which the district court should have addressed when ruling on the motion to suppress filed by Gorup. Additionally, the district court should have considered the appropriate factors described herein to determine whether Gorup's consent was an exploitation of the prior search. We therefore vacate the judgment of conviction and sentence, and we remand the cause for a new hearing on Gorup's motion to suppress consistent with this opinion.
JUDGMENT VACATED, AND CAUSE REMANDED WITH DIRECTIONS.